Warner et al. *v.* Campbell.

JOHN WARNER *et al.,* Plaintiffs in Error, *v.* JOHN CAMPBELL, Defendant in Error.

ERROR TO ROCK ISLAND.

Any operative agreement founded upon a valuable consideration, by which the holder of a note agrees to give time to the maker, without the assent of the indorsers or sureties, will release them, and this whether before or after the maturity of the note.

The acceptance of interest in advance constitutes such an agreement as will discharge a surety.

A notice to counsel two days before trial, to produce a letter to be used as evidence, which he knew would be wanted, is sufficient; if not produced, a copy may be read.

PLEAS before J. H. HOWE, Judge, etc., at a term of the Circuit Court in and for the county of Rock Island.

Plaintiff's declaration is in due form, in trespass on the case on promises, alleging that defendants and one Lemuel Andrews, now deceased, on the 26th day of June, A. D. 1857, at, etc., made their certain promissory note of that date, and delivered the same to plaintiff, by which said note, said Lemuel Andrews, as principal, and the said defendants, as sureties, jointly and severally promised to pay, twelve months after date of said note, to the order of the plaintiff, five thousand dollars, at the Windham County Bank, Brattleboro, Vermont.

Declaration concludes in usual form, and without the common counts.

Copy of note declared on :

$5,000.                                    *Rock Island, Ill., June 26th,* 1857.

Twelve months after date, for value received, we, Lemuel Andrews as principal and John Warner and B. J. Cobb as sureties, jointly and severally promise to pay

to the order of John Campbell, Five Thousand Dollars, at the Windam County Bank, Brattleboro, Vermont.

(Signed)             LEMUEL ANDREWS.
                         JOHN WARNER.
                         B. J. COBB.

Defendants filed a plea of non-assumpsit, and issue was joined thereon.

Trial by jury; issue found for plaintiff, and his damages assessed at $5,598.

Defendants filed their motion for a new trial; motion overruled; judgment for plaintiff, $5,598 and costs.

Reasons assigned for new trial:

Because the verdict of the jury is against law and the evidence.

Because the court excluded from the consideration of the jury evidence offered in behalf of said defendants, which the court should have admitted.

Because the court refused instructions to the jury asked by defendants at the trial.

To maintain the issues on his part, plaintiff offered and read in evidence at the trial, without objection, the promissory note heretofore copied.

The plaintiff then called one *George Mixter* as a witness, who, being sworn, stated that Lemuel Andrews, one of the makers of said note, departed this life two years ago last April; whereupon he rested.

And the defendants on their part thereupon called *John M. Gould*, who testified that he was joint executor with Mrs. Jane Andrews, of the estate of Lemuel Andrews, deceased; that he had learned from papers and memoranda in the handwriting of Lemuel Andrews, and pertaining to the estate of said Andrews, that he, said Andrews, as principal, was owing the plaintiff in this suit a note of five thousand dollars; that he also owed him another and smaller note, but that he (Andrews) had taken up this last mentioned note.

Plaintiff, by his counsel, objected to said testimony, but it was admitted.

Said witness further stated, that about the 28th June, 1858, he sent by mail a letter addressed to said plaintiff at Putney, Vermont, enclosing two drafts on New York, payable to said plaintiff; one of said drafts for the sum of three hundred dollars, and the other of said drafts for the sum of one hundred dollars; which drafts were duly honored and paid.

Defendants then exhibited and read to the court a notice, of which the following is a copy:

" You are hereby notified to produce, at the trial of the above

cause, all the letters which have been written since April 1st, 1858, by John M. Gould to plaintiff in above suit.

KNOX, REED & WEBSTER, Def'ts' Att'ys."

It was admitted that this notice was served on plaintiff's attorneys some two days before this trial, and it was stated to the court that the object of the notice was, unless the letter of said witness, Gould, to said plaintiff, was produced at the trial, that said defendants be permitted to prove, by said witness, the directions contained in, and the contents of said letter, so sent by said witness to said plaintiff.

But counsel objected to the sufficiency of said notice, for the purpose stated, inasmuch as the plaintiff was a non-resident, and the court sustained said objection, and decided said notice to be insufficient; whereupon the defendants excepted.

Gould testified that the said letter, so shown to said witness, Lynde, and addressed by the plaintiff to him, the witness, was received by him in due course of mail, in reply to his, the witness', letter, enclosing said drafts, addressed to said plaintiff.

Here said letter was read to the jury without objection, and is in the words and figures following:

*Putney, July* 13*th,* 1858.

Hon. J. Gould, Rock Island, Ill.

Dear Sir: Yours of the 28th ult. was received, enclosing drafts of Gould Dimick & Co., on New York—one for $300 and one for $100—for interest, etc., on L. Andrews' and others' notes, as sureties, six months from 26th June last. The note is in Windham County Bank, with my name indorsed, and it has given me considerable trouble, it not having been paid at maturity. I have made arrangements to have it continued on terms as at present the full year, if you wish.

Respectfully yours,

JOHN CAMPBELL.

Defendants exhibited to Gould a copy of a letter, copied into a letter book belonging to witness and his partner, Dimick, and was asked if the copy then shown him was a true copy of the letter written by him to plaintiff, enclosing said two drafts ; to which witness answered, that it was a true copy of said letter.

The copy of said letter so shown to said witness, Gould, is in the words and figures following:

*Moline, Ill., June* 28*th,* 1858.

Dr. John Campbell, Putney, Vt.,

I enclose Gould, Dimick & Co.'s draft on New York, for interest on Lemuel Andrews' note for $5,000, for six months from June 26th, say $300. We also enclose another draft on New York, for additional percentage, for extension of time, having been informed by Judge Lynde that you required four per cent. additional if the note was not paid at maturity, which we cannot do—shall probably be obliged to keep it another year, and will send you same amount at end of six months. Please indorse the three hundred dollars on note, for interest, and send a receipt for same and one for the $100 separate, as I need the receipts for vouchers to file in court.

Warner et al. *v.* Campbell.

I am told there was a note given for last six months' interest, which has not been returned. Please send same to me.

Respectfully Yours,

J. M. GOULD,

Executor of Est. of L. Andrews.

Defendants then offered in evidence said copy of said letter so sworn to by said witness, to which the plaintiff objected, and the court sustained his objection, and decided that the copy of said letter should not be read in evidence to the jury.

To which decision the said defendants excepted.

Plaintiff then moved the court to rule out of the case and from the consideration of the jury, all of the evidence of said witness, Gould, relating to what he learned from the papers and memoranda of said Andrews, in relation to his indebtedness to said plaintiff, which motion the court sustained, and excluded so much of said witness' testimony as said motion sought to e clude.

To which decision the defendant excepted.

And in behalf of said defendants the court was asked to instruct the jury as follows, which the court refused to do :

1. If the jury believe, from the evidence, that the plaintiff in this suit received a payment of six months' interest on the note in question, which was for interest six months after the note became due, without the knowledge or consent of the defendants, then the time of payment of said note was extended by a valid agreement, and the sureties discharged, and the jury will find for defendants.

The jury rendered a. verdict for plaintiff of $5,598.

A motion for a new trial was overruled.

J. J. BEARDSLEY, and A. WEBSTER, for Plaintiffs in Error.

WILKINSON & PLEASANTS, for Defendant in Error.

BREESE, J. The rule seems to be well settled, if there be any agreement founded upon a valuable consideration, and operative in point of law, between the maker of a note and the holder, whereby the holder agrees to give credit to the maker, after the note is due, or whereby the payment is postponed to a future day, and this agreement is made without the consent of the indorsers, they will be thereby absolved from all obligation to pay. And it makes no difference whether the agreement was made before the maturity of the note, or after its dishonor, or after the indorsers have been fixed by one presentment and due notice or dishonor. The reason of the rule is, that the holder by such an agreement undertakes, that he will give credit to the maker

during the period of the delay, and thereby tacitly agrees, that the indorsers shall not be called upon to pay the note in the meantime; since if they are called upon, and do so pay, they will instantaneously have a right of action over against the maker for their reimbursement, and thus the object of the agreement for delay would be frustrated. Story on Promissory Notes, Secs. 413, 414; *Philpot* v. *Briant,* 15 Eng. Common Law R. 127, opinion of Ch. J. Best. This court has applied this doctrine to the case of sureties. *Davis et al.* v. *The People,* 1 Gilm. 410.

In *Waters et al.* v. *Simpson et al.,* 2 ib. 574, this court held, that the contract of a surety must be construed strictly, and he cannot be held responsible beyond the precise terms of his undertaking. A binding agreement between the creditor and the principal debtor, materially changing the terms of the original, and to which the surety has not expressly or tacitly consented, has the effect to discharge the surety, both at law and in equity, and when this has been done, courts will not stop to inquire whether the surety has been damnified or not.

In all such cases, the agreement must be founded on a good consideration, and binding in law, on the parties to it. This case fulfills those conditions. The note was overdue, and the acceptance of interest upon it, in advance of the time when such interest was due, and that, too, greatly above the rate of interest allowed by law, is a sufficient consideration for an agreement to extend the time, and constitutes of itself such an agreement. The sureties, this agreement having been made without their consent, are, necessarily, absolved from their liability. The agreement, for which value was paid, restrained the holder from suing on the note; it suspended his right to enforce payment, and at the same time, suspended the right of the sureties to make payment, and then resort to their principal for indemnity.

The notice to the counsel of plaintiff, to produce Gould's letter to him, was in time, for it was a paper the plaintiff knew the defendants would want on the trial, and the law will presume it was in the possession of the plaintiff's counsel for such purpose, where it should have been. Notice to the counsel to produce it, served two days before the trial, was amply sufficient.

The letter not being produced, a duplicate from the letter book of Gould, sworn to by him, as being a correct copy, was then offered, as the next best evidence. We think this was the best possible kind of secondary evidence, for it was the original duplicated by the same impression which made the original. It should have been received.

These being the views we entertain, it follows, on the first point made, that the defendants' first instruction should have

been given. The Circuit Court having entertained different views, their judgment must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*