# JOHN W. BRYANT

*v.*

## CHARLES BALLANCE.

CHANCERY—*impeaching judgment for mere error.* A bill to enjoin the collection of certain judgments rendered by a justice of the peace, alleged that the complainant, who was defendant in the suits ·before the justice, before the commencement of the trial, applied for a change of venue upon proper affidavit, and paid the costs occasioned thereby; that the justice asked the advice of the plaintiff's attorney, and on his advice refused to grant the change of venue, and that thereupon complainant withdrew and the justice rendered the judgments. The court sustained a demurrer to and dismissed the bill: *Held*, that, as the justice did not lose jurisdiction by the making of the necessary affidavits and motions to change the venue, his refusal to grant the change was but an error, and that the judgments could not be questioned collaterally, the party's remedy being an appeal.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Messrs. PILLSBURY & LAWRENCE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity to enjoin the collection of four executions issued upon judgments rendered by a justice of the peace.

The bill alleges that, before the commencement of the trials in the suits wherein the judgments were rendered, the defendants made oath that they could not have an impartial trial before the justice, and paid to him the costs which would be occasioned by a change of venue; that the justice applied to the attorney for the plaintiff for advice, saying he would do whatever said attorney directed, and the attorney told him not to grant the change of venue; that the justice thereupon refused the change of venue, and did so corruptly and wilfully, by direction of the plaintiff's attorney, whereupon the

defendants withdrew from the court, and the justice rendered the judgments.

The court below sustained a demurrer to the bill and dismissed it, which is assigned for error.

The justice did not lose jurisdiction of the suits by the making of the affidavits and moving for a change of venue, and paying the costs thereof. He still had jurisdiction until a change of venue was actually·granted. As it was refused, his jurisdiction remained unaffected. The refusing of the change of venue was but error, relief against which should have been sought by appeal. The justice having jurisdiction of the subject matter, and of the persons of the parties, no matter how gross the error in refusing a change of venue, the action of the justice can not be drawn in question in this bill, or in any collateral proceeding. *Iverson* v. *Loberg,* 26 Ill. 179; *Wimberly* v. *Hurst,* 33 ib. 166; *Mulford* v. *Stalzenback,* 46 ib. 303.

The court could not properly have done otherwise than to sustain the demurrer.

The decree is affirmed.

*Decree affirmed.*