## Asa H. Danforth *et al.*

### *v.*

## Jacob Semple, *et al.*

1. Surety—*discharged from liability by extension of time to principal.* A valid agreement, made by the payee of a note with the principal, to extend the time of payment, without the knowledge or consent of the surety, releases such surety from any further liability on the note.

2. A contract to extend the time of payment of a note in consideration of money actually paid, is a binding contract, and releases the surety on the note, if made without his knowledge or consent, whether the money so paid be regarded as usurious interest or not.

Appeal from the Circuit Court of Woodford county; the Hon. John Burns, Judge, presiding.

Messrs. Chitty & Page, for the appellants.

Mr. Ira J. Bloomfield, for the appellees.

Mr. Chief Justice Walker delivered the opinion of the Court:

Appellee Semple, through one Merchant, effected a loan of $1,500 of appellants sometime in the month of September,

1869, and the other appellees became his sureties on the note then given. About the time of the maturity of the note, Semple, through Merchant, paid $75, as interest for six months, and $37.50 for an extension of time of payment for six months, which was given by appellants. The payees, on receiving this money, gave a receipt for the six months' interest, and in the receipt state that the time of payment is extended six months from the 3d of March, 1870. Breese, Zeigler and Fawcett, the sureties, had no knowledge of the arrangement for the extension, consequently gave no consent to it, nor did they subsequently agree to or ratify the arrangement.

The law is well settled, that where an extension of time is given to the principal debtor for the payment of money, by a valid and binding agreement, without the assent of the sureties, they are thereby released. · Nor is this proposition controverted. But it is denied that this arrangement constituted a valid contract. It is claimed that it was simply the payment of usurious interest in advance, and such interest being prohibited by law, the sureties could at any time have paid the note and at once compelled their principal to reimburse them the money thus paid; that, usury being prohibited by the statute, such a contract is a nullity; and that the amount paid, over and above the interest due, operated as a payment of so much on the principal, which the law would have compelled to be so applied.

Such was not the intention of the parties to this agreement. From the evidence it is manifest that Semple intended to and paid appellants the $37.50 to procure the extension of time for payment, and they clearly received it as the consideration for extending the time, and did agree to extend it. This was the purpose of the parties, and they used such means as they supposed would have that effect. And we have no doubt they fully accomplished their design, and what was done created a valid, binding contract for the extension of the time for the payment of the note for six months as stated in the receipt.

It has been held by this court, that the payment of interest in advance for the purpose and with an agreement for an ex-

tension of time is a binding agreement, and where made without the knowledge or consent of the surety, he will be released. *Warner* v. *Campbell*, 26 Ill. 282; *Flynn* v. *Mudd*, 27 id. 323. And it has been held that if the holder of a note accept a consideration from the maker for extending the time of payment, without the assent of the surety, he will be discharged. *Montague* v. *Mitchell*, 28 Ill. 481; *Kennedy* v. *Evans*, 31 id. 258. In the case at bar we think there is no kind of doubt that the payees did receive $37.50 as a consideration for the extension for time of payment for six months. Whether it may be regarded as usurious interest or not can not matter, as it was the consideration paid for the extension of time, and was so understood and intended by the parties.

In the case of *Galbraith* v. *Fullerton*, 53 Ill. 126, it was held that a mere agreement to pay usurious interest for extension of time for payment did not constitute a valid agreement, and would not release the surety. But in that case there was nothing paid the creditor, and the contract was violative of the interest laws and incapable of being executed or enforced by legal proceedings. It was there said, the question presented was, whether the parties to an unexecuted usurious contract are both or either of them bound to its performance, and it was held they were not bound by such an agreement. Thus it will be seen that it was only held that the parties were not bound by such an unexecuted agreement, but here the money over and above the legal interest was paid by the one and received by the other, and the agreement to extend the time was reduced to writing and delivered to the principal maker. So the contract was executed, and appellants thereby became bound by it, and estopped from suing on the note until the expiration of the extended time. The consideration was sufficient, the contract executed and binding, entered into without the assent of the sureties, and falls within the rule announced by all the cases where the sureties are released.

These views dispose of the question raised on the instructions, and we deem it unnecessary to enter into any further

discussion of the question. We perceive no error in giving or refusing instructions in the case.

It is urged that the court below erred in admitting the letters written by Merchant to Semple in evidence. They may not be strictly admissible, but were not, so far as we can see, calculated to injure or prejudice the rights of appellants. It is not shown how they could, and we will not reverse unless we can at least see that probable injury has resulted. The evidence is ample to sustain the verdict if they were excluded. In fact, it is not perceived how any other, under the evidence, could have been permitted to stand. Perceiving no error in this record requiring a reversal of the judgment, it must be affirmed.

*Judgment affirmed.*