# WILLIAM PARKER
### v.
## THE SINGER MANUFACTURING COMPANY ET AL.

1. JUDGMENT UPON SCIRE FACIAS.—A judgment rendered upon a *scire facias* that the defendant "be made party to the judgment rendered at the April term, A. D. 1879, and that an execution issue thereon," while not strictly formal, is not a nullity. Whatever may be the value of such a judgment, the proper method of attacking it is by direct proceedings to reverse it, and not by bill in equity.

2. JURISDICTION IN EQUITY.—Whatever will discharge a surety in equity is also recognized at law; so, where a surety, made a party to a judgment against the principal by *scire facias*, suffered a default, he could not afterwards, by proceeding in equity, seek to enjoin such judgment on the ground that there had been an agreement between the judgment creditor and his principal to stay execution upon the original judgment. The surety had his day in court, and should have presented his defense in the proceedings upon the *scire facias*.

3. DISSOLUTION OF INJUNCTION.—The record in this case failing to show that any injunction was ever granted, so much of the decree as awards damages upon dissolution of an injunction, is reversed.

ERROR to the Circuit Court of Richland county; the Hon. WM. C. JONES, Judge, presiding. Opinion filed October 6, 1881.

Mr. J. C. ALLEN, for plaintiff in error; that an agreement between a judgment creditor and a principal, to stay execution upon a judgment against the latter, will discharge the surety, cited Brant on Suretyship, § 325; Davis v. The People, 1 Gilm. 409; Warner v. Crane, 20 Ill. 148; Warner v. Campbell, 26 Ill. 282; Flynn v. Mudd, 27 Ill. 323; Galbraith v. Fullerton, 53 Ill. 126; Montague v. Mitchell, 28 Ill. 481.

Messrs. BELL & GREEN, for defendants in error; that the judgment is valid, cited Coursen v. Hixon, 78 Ill. 339.

The remedy against the judgment is by writ of error, and not by bill in equity:   Choate v. The People, 19 Ill. 64; Crafts v. Hall, 3 Scam. 131; Gibbons v. Bressler, 61 Ill. 110; Bryant v. Ballance, 66 Ill. 188; Bay v. Cook, 31 Ill. 336; Hofferbert v. Klinkhardt, 58 Ill. 450.

A party having an opportunity to make a defense at law must do so in that forum, and he cannot resort to equity unless he was prevented from making a defense at law by fraud, accident or mistake: Jevne v. Osgood, 57 Ill. 340; Hubbard v. Hubbard, 61 Ill. 228; Palmer v. Bethard, 66 Ill. 529; Mellendy v. Austin, 69 Ill. 15; Higgins v. Bullock, 73 Ill. 205; McJilton v. Love, 13 Ill. 487.

WALL, J. Plaintiff in error filed his bill in chancery against the defendants in error, averring that the complainant in the bill, and one Wm. Rhode, became sureties for ore Cornelius A. Payne on a certain bond, executed to the Singer Manufacturing Co., for his (Payne's) faithful performance of certain duties therein mentioned; that suit was brought on said bond to the April term of the Richland Circuit Court, A. D. 1878; that Payne and Rhode were served with process, but no service was had on plaintiff in error, and no appearance was entered by him; that at the April term, 1879, judgment in favor of plaintiff in that suit was rendered against Payne and Rhode by default, for $343.35 and cost, under a stipulation between the Singer Manufacturing Co. and Payne, the principal in said bond; that execution was to be stayed on $150.00 of the amount for six months, and for twelve months on the balance of said judgment; that on the 1st of March, A. D. 1880, a writ of *sci. fa.* was issued out of the circuit court against plaintiff in error, to make him a party to the judgment against Payne and Rhode; that said *sci. fa.* was served upon plaintiff, but that he failed to appear, and that a default was taken against him, but that no proper judgment was rendered against him for the amount of said former judgment or for any sum of money whatever, and the pretended judgment on *sci. fa.* was made part of the bill.

The bill charges that there was no judgment of the circuit court on which an execution could rightfully issue against plaintiff in error; that an execution was issued by the clerk and placed in the hands of the sheriff, James I. Richey, on the 22nd day of December, A. D. 1880, on said pretended judgment, and that the sheriff was about to levy the same on the

Parker v. Singer Mf'g Co.

goods, chattels, lands and tenements of said plaintiff in error, and that said execution was fraudulent and void, for the reason that there was no judgment against plaintiff in error on which an execution could issue; that the agreement between the Singer Manufacturing Co. and the said Payne, principal in the bond originally sued on, by which plaintiff in that suit granted a stay of execution against Payne and Rhode, on the judgment against them, was made without the knowledge or consent of plaintiff in error, or the knowledge or consent of his co-surety, Wm. Rhode, and that such an agreement was a fraud upon his rights, and that plaintiff in error had no knowledge of any such agreement until long after he had suffered a default on *sci. fa.* against him.

The bill makes James I. Richey, sheriff, and the Singer Manufacturing Co. defendants, and prays process, that a temporary injunction be granted against the sheriff, enjoining him from levying said execution upon property of plaintiff in error, and that the clerk be enjoined from issuing any further execution on said judgment, and that plaintiff be discharged from any further liability as surety on said bond or pretended judgment, and for general relief.

The court below sustained a demurrer to the bill and dismissed the same at the cost of the plaintiff in error.

Defendants in error, having filed a suggestion of damages upon the dissolution of the injunction, the court heard evidence, and assessed the damages at the sum of twenty-five dollars. It is now urged that the court erred in each of these matters.

The objection taken to the judgment is that that portion of it rendered upon the *scire facias* is not sufficiently in form to base an execution upon, and that by the extension of time contained in the original judgment the plaintiff in error was discharged.   The bill makes an exhibit of the order of the court rendered upon the *scire facias*, and it appears that default having been made, it was ordered "that William Parker be made party to the judgment rendered at the April term, A. D. 1879, and that an execution issue thereof."   While this may not be as formal as it should be, we are not able to declare it a nullity.

We think whatever may be the value of this judgment, the proper method of attacking it is by a direct-proceeding to reverse it, and not by bill in equity. Gibbons v. Bressler, 61 Ill. 110; Bryant v. Wallace, 66 Ill. 188.

Upon the other branch of the case, it is no doubt true that the surety may insist upon being discharged when the creditor stipulates in a binding manner, upon a sufficient consideration for a definite delay in the payment of the debt, and relief in such cases was originally given in courts of equity as one of the special heads of jurisdiction, because in a great variety of cases it was questionable whether the defense could be asserted at law, though it could be in all cases in equity. It would seem that in this country very generally, whatever may be the rule now in England, every defense which discharges the surety in equity is recognized also at law, and such is the settled doctrine in this State. Story's Eq. Jur. Sec. 325, 326; Flynn v. Mudd. 27 Ill. 323.

The jurisdiction of equity in such cases is frequently exercised however, and circumstances often make it necessary to resort to that forum to prevent a failure of justice. It is certainly competent to invoke the aid of equity where there has been no opportunity to make the defense at law, and where there has been no laches upon the part of the complainant. But we have been referred to no case where a party who has had the opportunity of making the defense at law and has neglected to do so, was relieved in equity. The cases cited by counsel for plaintiff in error: Montague v. Mitchell, 28 Ill. 481; and Kennedy v. Evans, 31 Ill. 269, are not parallel. In each of those cases the surety had signed judgment notes, and after the debts matured extensions were granted, and finally judgments entered upon the cognovets without the knowledge of the surety and in each case relief was afforded, in equity. In the case at bar the alleged ground of complaint was the agreement to stay execution, being a part of the judgment, which by the *scire facias*, the complainant was called upon to inspect. By the *scire facias* he was invited to make known any objections he might have to becoming a party to that very judgment of which he now complains. He thus had his day

Parker v. Singer Mf'g Co.

in court; he made default, and he cannot be heard to say that he neglected to ascertain the character of that judgment, and thus averring his own negligence, put a court of equity in motion to enable him to avail of a defense, which but for his own carelessness might as well have been interposed at law. To permit this would violate fundamental principles well established and repeatedly announced by our own courts. Vennum v. Davis, 35 Ill. 568; Palmer v. Bethard, 66 Ill. 520; Allen v. Smith, 72 Ill. 331; Higgins v. Bullock, 73 Ill. 205.

We are therefore of opinion that the court properly sustained the demurrer to the bill. We must, however, reverse so much of the decree as awards damages upon an alleged dissolution of the injunction. While the bill prays for an injunction and is sworn to, and while the record recites that the injunction had been dissolved, yet, upon the most careful examination we are unable to find that an injunction was awarded either in term or vacation, or that any such process ever issued. It is manifest that court and counsel supposed otherwise, but erroneously, if the record before us is complete. The mere recital that the injunction was dissolved is not enough to warrant us in this direct proceeding to assume that an injunction had been ordered and issued when there is an utter absence of any thing to establish such a conclusion. We cannot act upon mere inference. The record shows there was no injunction to be dissolved, and of necessity there was no foundation for the suggession and award of damages. So much of the decree as relates to the sustaining of the demurrer to the bill is affirmed, and so much as relates to the assessment of damages is reversed.

Affirmed in part.    Reversed in part.