Nannie C. Beuter, Adm'x, etc., v. Isaiah Dillon et al.

· 1.  Sureties—*Released by an Extension of Time.*—An agreement by the principal maker of a note to keep the money for another year and pay the same interest, is a sufficient consideration for the extension agreement, and will, without the consent of the surety, release him.

Bill for Injunction, to restrain prosecution of a suit.  Error to the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Judge, presiding.  Heard in this court at the May term, 1895.  Affirmed. Opinion filed December 10, 1895.

Lillard & Williams, attorneys for plaintiff in error, contended that, if extension is not for a definite period, agreed on by both the creditor and principal, the sureties are not released, however formal and positive the attempt at a binding extension may have been.  Gardner v. Watson, 13 Ill. 352; Truesdell v. Hunter, 28 Ill. App. 296; Crossman v. Wohlleben, 90 Ill. 542; Waters v. Simpson, 2 Gil. 574; Flynn v. Mudd, 27 Ill. 325.

If Gilstrap's request, July, 1891, to Mr. Beuter, asking him " If he would extend the time until I could get the money from some work I was doing," had been specifically agreed to, instead of Beuter, as he did, replying, " you can have it six months longer," such a contract would have been void for uncertainty.  Miller v. Stem, 2 Pa. St. 286; Ward v. Wick Bros., 17 O. St. 159; Findley v. Hill, 8 Oregon, 247; Hayes v. Wells, 34 Md. 512; Truesdell v. Hunter, 28 Ill. App. 296; Jenkins v. Clarkson, 7 Ohio 76.

An agreement which can not be enforced· as made, will not be enforced at all; if a usurious consideration was agreed to be paid for an extension, the consideration was void and the agreed extension not binding on either party, though otherwise a complete and valid ·extension agreement.  Galbraith v. Fullerton, 53 Ill. 126; Silmeyer v. Schaeffer, 60 Ill. 479; Farwell v. Meyer, 35 Ill., page 53.

The burden of proof to show extensions to be legal, valid and binding is on the sureties, complainants in bill.  . Trues-

dell v. Hunter, 28 Ill. App. 292; Crossman v. Wohlleben, 90 Ill. 537.

A. E. DeMange, attorney for defendants in error.

A valid contract between the payee and the principal maker of a note to extend the time of payment without the consent of the sureties will release the latter. Danforth v. Gemble, 73 Ill. 170; Dodgson v. Henderson, 113 Ill. 360.

A contract to extend the time of payment of a note in consideration of interest paid in advance or a bonus or commission actually paid, even if usurious, releases the sureties. Danford v. Gemble, 73 Ill. 170; Myers v. First National Bank, 78 Ill. 257.

The contract of a surety is construed strictly and in no case can he be held beyond the terms and conditions of his contract. Dodgson v. Henderson, 113 Ill. 360.

When the payee of a note is dead and suit is brought on it at law by his administrator, the principal maker is not a competent witness in a surety's behalf in such suit to prove a contract between him, the principal, and the deceased payee, for an extension of time; which fact entitles the surety to maintain a bill in equity to enjoin the prosecution of the action at law when he has no testimony to prove the extension contract other than that of the principal. Dodgson v. Henderson, 113 Ill. 360.

In such suit in equity to enjoin the prosecution of the action at law the principal maker of the note is a competent witness to prove the extension contract made by the principal and the payee. Dodgson v. Henderson, 113 Ill. 360; Bradshaw, Adm'r, v. Combs, 102 Ill. 428.

Mr. Presiding Justice Pleasants delivered the opinion of the Court.

On July 1, 1889, W. H. Gilstrap borrowed of Albert Beuter, the deceased husband of plaintiff in error, the sum of five hundred dollars and delivered to him therefor a promissory note as follows:

"$500.             BLOOMINGTON, ILL., July 1, 1889.

One year after date we jointly and severally promise to

pay to the order of Albert Beuter five hundred dollars at the National State Bank, Bloomington, Illinois, for value received, with interest at the rate of eight per cent per annum from date," which was signed by the borrower and also by each of the appellees—the latter being understood by the lender to be sureties only. Beuter died in January, 1892, intestate, leaving appellant, his widow, who was duly appointed administratrix, and as such on October 25, 1892, brought a suit at law against Gilstrap and defendants in error, on said note.

Thereupon the latter filed the bill herein to enjoin its prosecution and be discharged from liability on the note, upon the ground set forth, that Beuter extended the time of payment by agreement with Gilstrap, the principal, without the consent or knowledge of complainants, the sureties; and that Gilstrap, the only person by whom such extension could be proved, was incompetent as a witness in the case at law. The answer denied that there was any valid agreement to extend the time of payment. A general replication was filed and the cause referred to the master to take and report the evidence and his conclusions. He reported in favor of complainants, and the court, upon final hearing on the pleadings and report, made a decree according to the prayer of the bill, upon which this writ of error was sued out.

The question involved is one of fact, whether Beuter did agree with Gilstrap, for a valid consideration, to give him a definite extension without the consent of his sureties.

It appears that the loan was originally made by Beuter through O. A. Shaw, his agent. Gilstrap moved to Tacoma, Washington, about six months afterward, and subsequent negotiations respecting extensions were through agents of each respectively, or by correspondence, but little of which was produced.

We deem it unimportant to consider the questions made as to the first of the alleged extensions—being for one year from the maturity of the note—because in our opinion the evidence fairly tends to show valid agreements for exten-

sion of six months from July 1, 1891, and also for a like period from January 1, 1892—the first, in consideration of the payment of $20 in advance, on account of interest, and the last, of an agreement to keep the money for that period at the same rate and the actual payment of a *bonus* of $500.

Gilstrap testified that at the end of the first year's extension (July 1, 1891), he wrote to Beuter and asked an extension until he could get money for some work he was doing, which Beuter granted. The answer he received was as follows:

" BLOOMINGTON, ILL., July 24, 1891.

MR. W. GILSTRAP: Found the pocket book and draft a few days after I left you. I advertised it and had to pay $2.81 for protesting, etc., but it is all right. Please inform the bank it had been cashed here. In regard to your note will say that I do not need the money, having arranged for the purpose I wanted it for. You can have it for six months longer, and by that time if you should want it for the year it will be all right.

Very respectfully,

ALBERT BEUTER."

And the note bears the following indorsement: "Received interest to July 1, 1891, and $20 on interest due July 1, 1892."

From this evidence it may reasonably be inferred that the draft referred to in Beuter's note was from Gilstrap, for the interest then due and the $20 indorsed on account of interest to become due.

Gilstrap was an artist, but in what line or on what work he was then employed, does not appear. His request indicated no definite time, but his note was payable at one year from its date and his first extension was for one year. It is therefore not probable that he expected another for a longer period. Beuter could not know from his request just how long a time he desired, but had no reason to presume it was more than one year. The amount he received was in full for six months. He therefore accepted it as an

Beuter v. Dillon.

advance payment for that period, but added that if at the end of that period Gilstrap should want to keep the money for the rest of the year it would be " all right." That was as satisfactory to Gilstrap as a present extension for a year. He might therefore well testify that by the consent of Beuter to an extension for six months, and the promise of six months more if he should then want it, his wish was fully met and his request, though indefinite as to him, fully "granted." Hence there was no occasion for a reply accepting the offer of Beuter, if it may be called an offer. Their minds had met. Beuter so understood it, for he kept the $20, indorsed its receipt on the note and never asked Gilstrap if it was satisfactory to him; nor did Gilstrap ever object. His silence, under the circumstances, was an acceptance.

As the six months were about to. expire, he did express his wish to keep the money for the remaining six of the year, and says he sent. to Beuter $5 as a *bonus* for allowing him to do so, and received from him a card as follows:

" Bloomington, Ill., Dec. 15, 1891.  To W. H. Gilstrap:— Letter and· draft for $5 received. The matter will be all right. Hope you will succeed.

Very respectfully,

Albert Beuter,"

which is just what he had said in letter of July 24th; it would be, in that event, " all right."

It is not claimed that to either of these extensions the sureties or any of them consented.

Gilstrap's testimony was not contradicted in any particular. He was a competent witness. Bradshaw, adm'x, etc., v. Combs, 102 Ill. 428; Dodgson v. Henderson, 113 Ill. 360.

His request for extension implied an agreement to keep the money for the time granted and pay interest at the original rate, which was a valid consideration for it. Dodgson v. Henderson, *supra;* Crossman v. Wohlleben, 90 Ill. 537.  So of interest paid in advance. Warner v. Campbell, 26 Ill. 282; Flynn v. Mudd, 27 Id. 323; Danforth v. Semple, 73 Id. 170.  Even though it be usurious if actually paid and received for that purpose. Ibid., and Myers v.

First Nat'l Bank, 78 Id. 257. Any valuable consideration so paid and received will make the agreement for extension valid. Danforth v. Semple, *supra;* Montague v. Mitchell, 28 Ill. 481.

It appears that the decree was expressly based on a further extension by plaintiff in error before she was appointed administratrix and of which there was no allegation in the bill, as well as on those above stated. Evidence of such extension was introduced before the master and reported by him. The finding thereon by him and by the court, were unauthorized, and the decree so far as based thereon, was error, in all probability due to oversight; but if it was supported by proof of others given by her husband as alleged, it is not vitiated by such error. In our opinion it was so supported and will therefore be affirmed. Decree affirmed.