UPDIKE v. THE CITY OF ST. LOUIS, *Appellant.*

1. **Practice:** CONFLICTING INSTRUCTIONS. Where there is abundant evidence tending to prove the facts stated in an instruction given for the defendant, which facts present a good defence, it is error for the court to give an instruction for the plaintiff, which, in effect, states that there is no evidence tending to show any defence.

2. **Unexpired Lease :** DELIVERY OF POSSESSION : ESTOPPEL. One who yields·up possession of an unexpired lease to another who is not entitled to the immediate reversion, but who assumes the burden of paying accrued rents, although he does not thereby make a technical surrender, he and those claiming under him are· estopped from claiming any further interest in the lease.

*Appeal from St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*Martin, Laughlin & Kern* for appellant.

(1) The instructions asked by defendant at the close· of the plaintiff's case should have been given, for the· reasons following : (*a*) Possession of the premises by defendant was not proved or attempted to be proved. (*b*) The deed of trust from the Union Steam Mills Company to Wm. H. Maurice's trustee, of July 19, 1882, was not effective to convey the premises sued for; they are not described in the deed. (2) The instruction· given at the instance of plaintiff at the close of the case, that plaintiff on the pleadings and proofs was entitled to· recover, is erroneous. (*a*) It is in conflict with instruc-- tion six, given at the instance of defendant. (*b*) The case· was closed without proof of possession on the part of. the defendant. The Merchants' Elevator Company was· in possession, and is still in possession, of the portion, covered by the ordinance in reference to switching; the company was and is in possession of the strip on which the track is now laid, under the other ordinances. (3) [*a*] The assignee, Lockwood, abandoned the lease and surrendered all right and claim thereunder, permit- ting the Merchants' Elevator Company to pay.the rent and have possession of the premises. The assignee was· estopped, and the plaintiff claiming from him is like-- wise estopped, from claiming any rights under the·

lease. (*b*) The deed of trust of July 19, 1882, under which plaintiff claims title, recognizes the validity and continued existence of the deed of trust of 1875 as an incumbrance on the lease of 1879. This recital estops the plaintiff from claiming the premises.

*Given Campbell* for respondent.

(1) The judgment was for the right party. The plaintiff shows a chain of title, clear and unbroken, in himself. No legal defence is shown by the city to this action. (2) The points relied upon in the brief of appellant are unsound. The description in the deed of trust from the Union Steam Mills Company to Maurice's trustee is sufficient. *McPike v. Allman,* 53 Mo. 551; *Shewalter v. Pirner,* 55 Mo. 218; *Charles v. Patch,* 87 Mo. 450; *Wiggins Ferry Co. v. City of St. Louis,* 88 Mo. 615. (3) The answer was a general denial, and in such case the court was more than liberal in allowing any evidence tending to establish estoppel. Estoppel *in pais* must be specially pleaded. *Bray v. Marshall,* 75 Mo. 327; *Hammerslough v. Cheatham,* 84 Mo. 13, 21. Admissions made under a misapprehension against one's legal rights, without the purpose of influencing the action of another, and not shown to have had that effect, do not estop the person making the admission from afterward asserting the truth. *Hull v. Cavanaugh,* 6 Mo. App. 143-149; *Spurlock v. Sproule,* 72 Mo. 508; *Acton v. Dooley,* 74 Mo. 63-69; *Monks v. Belden,* 80 Mo. 639-642. Johnson shows by his own testimony that he did not act upon the admission or statements alleged to have been made by Lockwood. He never knew him till after the sale, and there is no evidence that he ever heard of any talk by Lockwood, and certainly there is no evidence that he ever relied on, or supposed that he was getting more than the trustee, Mr. Kern, sold, or more than his deed called for. Hence, there was no case for estoppel.

*Bales v. Perry*, 51 Mo. 49; *Noble v. Blount*, 77 Mo. 235–242; *Monks v. Belden*, 80 Mo. 639–642. But independently of all this, the evidence would not support a defence of estoppel if it had been properly pleaded. (4) The point that the recital in the deed of trust, of July 19, 1882, which plaintiff claims, recognizes the validity and continued existence of the deed of trust of 1875, under which Johnson bought, and that Lockwood, the assignee, is estopped thereby, cannot be upheld. (5) The city is lessor, and in an ejectment ·brought by its lessee against the city for possession of the leased premises, where the city had for years received rent for the premises, it will not be permitted to say that the lease is invalid, any more than would such defence avail the lessee when sued for rent. *Grant v. White*, 42 Mo. 285; *Tabin v. Brodher*, 51 Mo. 148; *Hoyle v. Bush*, 14 Mo. App. 408. This was a judicial sale, and any alleged irregularities cannot be set up in an ejectment, or inquired into collaterally. *Hewitt v. Weatherbee*, 57 Mo. 279; *Mitchell v. Nodaway County*, 80 Mo. 257; *Grover v. Smith*, 49 Mo. 324; *Howard v. Stevinson*, 11 Mo. App. 410. The irregularities complained of were inadmissible in ejectment. *Holland v. Adair*, 55 Mo. 40; *Bray v. Marshall*, 75 Mo. 329. The assignee was bound by the recitals in his deed. *McDonald v. Schneider*, 27 Mo. 405.

BLACK, J.—This ejectment involves the right to the possession of an unexpired portion of a ten-year lease upon a part of the public wharf in St. Louis. It appears the city made two leases upon the property, each for a period of ten years, the one ending and the other beginning on the first of January, 1879. During the first lease, the Union Steam Mill Company, a corporation then in possession of the property, made a deed of trust thereon to secure a debt by it owing to Wm. H. Maurice. The property thereby conveyed is described as the

Union Steam Mill, situated at the foot of Florida street on the public wharf, the right to use which was acquired by Henry C. Yeager from the city by lease, etc., and also all the buildings, machinery, belting, tools, brands, and other appurtenances to said mill. After the expiration of the first lease, and in August, 1884, there was a sale under this deed of trust, and James B. Johnson, for himself and others, purchased the property. Johnson and his associates organized the Merchants' Elevator Company. The city then made a lease to that company of another parcel of land, and as a part of that arrangement, the elevator company agreed to and did remove the old steam mill from the property in question; and the elevator company surrendered possession of the property in question to the city, save that part occupied by railroad tracks.

The plaintiff's title is as follows: The second lease, which was made by the city to the Union Steam *Mills* Company, a different corporation from either of those before named. A deed of trust was made by this company, in 1882, to secure a debt to Mr. Maurice. It conveys a parcel of land, also a leasehold interest from Walsh, and then the leasehold acquired from the city, and all the buildings and improvements located on the property conveyed, and contains the following recital: "The property and interests hereby conveyed, being subject to a deed of trust on a portion of the same to Edwin Chaffins, trustee, a deed of trust on all the real estate and leases herein described to Wm. H. Maurice's trustee, and a deed of trust on the leasehold interests herein described to George Gilman's trustee, going to secure the payment of the indebtedness described in said deeds, each of said deeds of trust being duly recorded in the office of the recorder of deeds for the city of St. Louis." There was a sale under this deed of trust, and through that and other *mesne* conveyances the Union Steam Flour Mills Company came to the

ownership and possession of the property, and, in 1883, made a deed of voluntary assignment to Lockwood, who yielded up possession to Johnson, and thereafter, and in February, 1885, sold the lease to the plaintiff for twenty-five cents. Parol evidence offered by the defendant tends to show that Lockwood, the assignee, had made vain efforts to sell the lease with the idle mill upon it; that the lease was a burden to the estate which he represented; that a half year's rent, two hundred and fifty dollars, had become due to the city; and that, before the sale by Lockwood to plaintiff, Lockwood had surrendered possession of the entire property to Johnson and his associates, who paid the arrear rent account to the city.

The court, the cause being tried without a jury, for the defendant, gave an instruction stating the facts which the parol evidence tended to prove, with the conclusion that if they were true the plaintiff could not recover. But, on the other hand, the court gave for the plaintiff an instruction that, under the pleadings and evidence, the finding must be for the plaintiff. These instructions are inconsistent, and cannot stand together. There was abundant evidence tending to prove the facts stated in the defendant's instruction. By giving it, the court in effect ruled that there was evidence of the facts stated. The instruction for the plaintiff was a demurrer to the defendant's evidence. In legal effect, it was an assertion that there was no evidence tending to show any defence whatever. These instructions are, therefore, inconsistent. It cannot be said the court found the facts against the defendant, for it never undertook to weigh the evidence as a trier of the facts, but simply declared that there was no evidence tending to show a defence. The instruction for the plaintiff should have been refused.

The instruction given for the defendant, but disregarded by the court, presented a good defence. It is

based upon the theory that Lockwood surrendered the unexpired lease to Johnson. The trustee's deed to Johnson, following the deed of trust under which it was made, only purports to convey the first lease, which had expired at the date of the sale to Johnson, and the buildings and machinery; but the second deed of trust, under which the plaintiff claims, states that it is subject to the first deed of trust; and there can be no doubt but Johnson became the owner of the buildings and machinery, and he had a right to remove the same. While, properly speaking, a surrender is a yielding up of a particular estate or term to one entitled to the immediate reversion, and no such relation existed between Lockwood and Johnson, still, if the former yielded up possession to the latter and abandoned the unexpired lease, casting upon Johnson and his associates the burden of paying accrued rents, then Lockwood and his grantee, the plaintiff, ought to be held to be estopped from asserting a revived claim to the lease.

It is further contended by the appellant, the city of St. Louis, that the ten-year lease in question is void, because the city had and has no right or power to lease a part of the public wharf for a term of years for private purposes, and the case of *Belcher Sugar Refining Co. v. St. Louis Grain Elevator Co.*, 82 Mo. 121, is cited as authority for the proposition. It seems the property in question in the case before us, when leased, was an unimproved portion of the wharf, and there is nothing in the case to show that the property is now used, required, or needed for a public landing or highway of any character. The principle upon which that case was decided can have no application to the present one, as the record now stands.

The judgment is reversed and cause remanded. Sherwood, J., absent. The other judges concur.