WILLIAM S. WOODS, Respondent, v. CITY OF KANSAS, Appellant.

Kansas City Court of Appeals, May 14, 1894.

1. **Municipal Corporations:** SEWERS: POWER TO CONSTRUCT: ACTION.   The exercise of the power of a city to construct sewers is of a legislative or *quasi* judicial character,—is discretionary with the municipal board, and a failure to act will not in general give any right of action to a private party.

2. ———: ———: MINISTERIAL DUTIES: DAMAGES.   Municipalities will be held for damages following the careless or unskillful manner of constructing sewers, and when it is completed, the ministerial duty to use ordinary care to keep them in repair and free from obstruction so that their capacity may be used and enjoyed by the public is mandatory.

3. ———: OBSTRUCTION OF SEWERS: NOTICE OF: DAMAGES.   If a city neglects after notice, or after such time as notice will be imputed to it, to remove obstruction in its sewers and property is overflowed and damaged by reason thereof, then the property owner has a cause of action against it.

4. ———: ———: SURFACE WATER.   Where water accumulating on the street by reason of obstruction to the catch basins of the sewers overflows and damages private property, the rule of surface water being a common enemy which every one may fight off his own premises, has no application, since the property owner had a right to rely on public sewers built at the expense of the property owner for the purpose among others of carrying off such surface water.

5. ———: TIME OF OPENING: EVIDENCE.   In this case the supposed power of the city, where a sewer is constructed, to shut it up or withhold the same till some future time before opening it for use, is not discussed, as there is no evidence supporting such theory.

6. ——: ——: ACT OF GOD: CONCURRING NEGLIGENCE. Although the rain doing the damage was of an extraordinary character, yet if the negligence of the city in failing to keep its sewers open concurred and contributed to the damage then the city would be liable.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*F. F. Rozzelle* and *J. W. S. Peters* for appellant.

(1) Surface water that does not flow in any defined channel, under the common law and the law of this state is a common enemy and a city may fight it from its streets as best it can and is not liable for injury caused by its flow being changed. Such a damage is *damnum absque injuria. McCormick v. Railroad*, 57 Mo. 433, 437; *Abbot v. Id.*, 83 Mo. 271; *Jones v. Railroad*, 84 Mo. 151; *Moss v. Railroad*, 84 Mo. 86; *Martin v. Benoist*, 20 Mo. App. 262; *Field v. Railroad*, 29 Mo. App. 68; *Schneider v. Railroad*, 29 Mo. App. 468; Cooley on Torts, 577; Gould on Waters, sec. 267; Angell on Water Courses, p. 122, sec. 108; *Goodale v. Tuttle*, 29 N. Y. 495; *Turner v. Inhabitants*, 13 Allen, 291; *Pye v. City of Mankato*, 36 Minn. 373 (1 Am. St. Rep. 671); *Gannon v. Hargadon*, 10 Allen, 106; *Bates v. Smith*, 100 Mass. 181; *Morrell v. Hurley*, 120 Mass. 99; *Luther v. Wennisimet*, 9 Cush. 171; *Judge v. Meriden*, 38 Conn. 90; *Park v. Newburyport*, 10 Gray, 601; *Dickenson v. Worcester*, 7 Allen, 19; *Bangor v. Lansill*, 51 Maine, 521; *Carr v. Northern Liberties*, 35 Pa. St. 324; *Dermont v. Detroit*, 4 Mich. 435; *Flagg v. Worcester*, 13 Gray, 326; *Fair v. Phila.*, 88 Pa. St. 309. (2) A city is not in the first place compelled to furnish sewers for surface water. It may open them when it pleases. Dillon, Mun. Corp., 1042; *Hind v.*

*City of Marshall*, 22 Mo. App. 208; *Pye v. City of Mankato*, 36 Minn. 373; *Alden v. City of Minneapolis*, 24 Minn. 254; *City of Anderson v. East*, 117 Ind. 126 (10 Am. St. Rep. 35); *Mills v. Brooklyn*, 62 N. Y. 489. Whenever a city, in its discretion, sees fit to close up a sewer when opened or to keep a sewer or parts thereof closed for its own protection or for any other good reason, it has the right to exercise this judicial discretion either through its ordinances or its officers having charge of the sewers, and is not liable civilly by thus exercising its discretion. Dillon, Mun. Corp., sec. 1046; *Atchison v. Challis*, 9 Kan. 613; *Lynch v. Mayor*, 76 N. Y. 63; *Fair v. City of Phila.*, 88 Pa. St. 311; *Thurston v. City of St. Joseph*, 51 Mo. 519; *Hoffman v. St. Louis*, 15 Mo. 651; *Goszler v. Georgetown*, 6 Wheat. 593. (3) The court gave improper instructions on the subject of the extraordinary rain storm. The city was not liable at all if the injury would not have occurred in an ordinary storm, such an one as is to be expected in this climate. *Haney v. City of Kansas*, 94 Mo. 324; *Fairlawn Coal Co. v. City of Scranton*, 23 Atl. Rep. (Pa. St.) 1069; *Farr v. City of Phila.*, 88 Pa. St. 109; *Collins v. City of Phila.*, 93 Pa. St. 272. And if the act of God and the negligence of the city concurred to cause the damage, still the city would not be liable unless its negligence was an active, efficient proximate cause of the damage. *Coleman v. Railroad*, 36 Mo. App. 491; *Railroad v. School Dist.*, 96 Pa. St. 65. (4) Granting that the sewer had been opened to the public and that the city had negligently allowed the catch basins to become stopped up, the evidence of plaintiff and his contractor, Marko, and other witnesses showed that plaintiff and his agent knew this long before, and up to the time of the rain, and by ordinary care on the part of plaintiff could have averted the injury complained of. *Simpson v. Keokuk*, 34 Iowa,

568; *Bartle v. Des Moines*, 38 Iowa, 44; *Cubit v. Odett*, 51 Mich. 347; *Lilley v. Fletcher*, 81 Ala. 234; Thompson on Trials, p. 1268, sec. 1748.

*Scarritt & Scarritt* for respondent.

(1) The city has exclusive control over its streets and has authority to build sewers therein. Charter, 1888, p. 12, subd. 7 and 8; Sess. Acts, 1875, pp. 204 and 205, subd. 7 and 8; Charter, 1888, p. 77, section 2, last clause of section; Sess. Acts, 1875, p. 256, section 2. (2) Plaintiff's instructions were very carefully drawn to meet the requirements of the law of this state, and the court committed no error in giving them. *Haney v. The City*, 94 Mo. 335; *Rychlicki v. City of St. Louis*, 98 Mo. 499; *Imler v. City of Springfield*, 55 Mo. 124, 125; *Carrington v. St. Louis*, 89 Mo. 208; *Fink v. St. Louis*, 71 Mo. 52; *McInery v. City of St. Joseph*, 45 Mo. App. 296. (3) It was the duty of the city, and not of the plaintiff, to notice the defect in the sewer or catch basins. *Squires v. Chillicothe*, 89 Mo. 226; *City of Peoria v. Crawl*, 28 Ill. App. 154. (4) The city has power to put "drains and sewers" in its streets and to "establish, construct and keep the same in repair" (Charter, 1888, p. 12, subd. 7 and 8; Sess. Acts, 1875, pp. 204 and 205, subd. 7 and 8), and while the city may not be liable for the nonexercise of this power, yet when it elects to act and builds the sewer it is bound to keep it in repair. It can not build the sewer and stop it up and require the property owners at the same time to pay for it. *Frostburg v. Hitchens*, 16 Atl. Rep. 381; *Wallace v. City of Muscatine*, 4 Greene, 373; Sess. Acts, 1875, p. 256, sec. 2; Charter 1888, p. 76, sec. 2; 2 Dillon on Mun. Corp. [3 Ed.], p. 1077, 1079, subd. 4; *Haney v. The City of Kansas*, 94 Mo. 335; *Thornton v. St. Joe*, 51 Mo. 519; Shear.

and Red. on Neg. [2 Ed.], p. 188; *Rowe v. Portsmouth*, 56 N. H. 291; *Emery v. Lowell*, 104 Mass. 13–15; *Child v. City of Boston*, 4 Allen, 52, 53; *The Mayor, etc. v. New York*, 3 Hill, 615; *Barton v. Syracuse*, 36 N. Y. 54–58; *Weet v. Trustees, etc.*, (note) 16 N. Y. 171, 172; *Wendell v. Troy*, 39 Barb, 335; *Denver v. Rhodes*, 13 Pac. Rep. 733; *Rowe v. Portsmouth*, (56 N. H. 291) 22 Am. Rep. 464; *Detroit v. Beckman*, 34 Mich. 129; *Child v. Boston*, (4 Allen, 41) 22 Am. Rep. 469; *Semple v. Vicksburg*, (62 Miss. 63) 52 Am. Rep. 182, and cases cited; *Levi v. Salt Lake City*, 1 Pac. Rep. 162; *Taylor v. City of Austin*, (32 Minn. 247) 20 N. W. Rep. 157; Wharton on Neg. [2 Ed.], sec. 262, and cases cited; *Wallace v. Muscatine*, 4 Greene (Ia.), 373.

*F. F. Rozzelle* and *J. W. S. Peters'* reply to respondents' brief.

(1)   It is the established law of this state that a city is not liable in damages for incidental flow of surface water, unless it accumulates this water in increased quantities and precipitates it on plaintiff's property. Unless these circumstances concur, the damage, if any, is *damnum absque injuria*.   *Carson v. Springfield*, 53 Mo. App. 295; *Rychlicki v. City of St. Louis*, 98 Mo. 501; *Paddock v. Symes*, 102 Mo. 239.   Every case quoted by plaintiff to support his case is one where water has been accumulated and thrown upon the plaintiff's property in increased quantity.

Gill, J.—In June, 1888, the plaintiff owned a block of houses at the southwest corner of Highland avenue and Thirteenth street, Kansas City. They were in course of construction but nearly completed. At that time there was a heavy rain and the water from the street ran into the basement of the block and seriously damaged the building.   It was for this injury

plaintiff sued the city, basing the responsibility on its alleged negligence in permitting the catch basins at that street corner to become filled up and obstructed by dirt and *debris*, so that the surface water which flowed to that point could not escape into the sewer but ran over into the plaintiff's cellars.

The evidence tends to establish about this state of facts: As already suggested, plaintiff's block of houses was situated at the southwest corner of Highland and Thirteenth streets. The latter runs east and west, and the surface thereof in front of the property and for some distance west was nearly level, while to the east the grade of said street rose rather rapidly for a block or more. During the preceding year of 1887, the city put in at the expense of the property owners a large district sewer seven feet in diameter; and for the purpose of receiving the surface water at that corner there were constructed as part of the sewer, three catch basins with four feet openings—the same being located at the southeast corner, the northeast corner and the northwest corner of these streets. Neither of the streets was then paved, curbed or guttered at that point; and defendant's evidence would tend to prove that the surface of Thirteenth street where the two catch basins on the east side of Highland were placed, was about a foot higher than the established grade. However the proof is that by the terms of the contract the city had with the sewer builder, gutters were made "around each catch basin not less than three feet wide and extending three feet on each side of the opening." The sewer with all its appurtenances was completed, formally accepted by the city and paid for by the real estate owners in the district in the early part of the fall preceding this damage.

The testimony further tends to prove, that during the spring of 1888 these catch basins at the northeast

and southeast corners became entirely filled up, so that, as the witnesses say, they were not to be seen on the surface, being packed with dirt and *debris* as much as twelve to eighteen inches above the iron cover; and that they had been in that condition for as much as a month or two before the flooding of plaintiff's premises.

On the twenty-fourth day of June this heavy rain fell, and the water in great volume came down Thirteenth street from the east, and finding no escape through the catch basins, ran over Highland street into the basement of plaintiff's buildings. Under instructions from the court the jury found for the plaintiff assessing his damages at $592.30, and from a judgment in accordance therewith defendant appealed.

Under its charter the municipal authorities of Kansas City are entrusted with a legislative power to construct sewers when, where and of such plans as they may deem proper. In order to accomplish this the work may be done either at the expense of the city at large—as in case of what are termed *public* sewers, or at the expense of property owners of a defined *district*—and these are called *district* sewers. But when constructed these improvements are all public in their nature, and are alike under the care and control of the city.

But in case of sewers, as in the matter of opening, extending or paving streets, the exercise of such power is of a legislative or *quasi judicial* character— is discretionary with the municipal body, to be done or not as it may deem proper. And a failure to act, or to build the sewer, will not in general give any right of action to a private party. The corporate body can not be held responsible for the mere nonexercise of such powers. But having entered upon the work, it will be held for the damages following the careless or unskillful

manner of performing the same. And when completed, as in case of a sewer, the city will be required to use ordinary care to keep it in repair and free from obstructions so that its capacity may be used and enjoyed by the public. The distinction is between the performance or not of *judicial* duties, which are discretionary, and such duties as are *ministerial*, which are mandatory. 2 Dillon Mun. Corp. [4 Ed.], sec. 1048, *et seq.*; Wharton on Negligence, secs. 262, 263.

Applying these principles to the facts here, plaintiff Woods would have no right to complain if the authorities of Kansas City had refused in their discretion to construct a sewer and catch basins to carry off the surface water from that locality. But since the city had constructed a sewer with the appurtenant catch basins, the duty then devolved on the corporation to use due care in keeping them in repair and free from obstructions, and the plaintiff had the right to rely on the performance of such duty. If the city neglected, after notice, or after such time as notice will be imputed to it, to remove the obstructions, and the plaintiff's property was overflowed and damaged by reason thereof, then plaintiff had a cause of action against it.

The court, in giving plaintiff's instructions 1, 2 and 3, fairly declared the law within the above rules, and we fail to discover in them any substantial cause for criticism. This is not a case invoking the application of the law of surface water, where it is treated as a common enemy, with the right of everyone to fight it off his own premises. The matter for complaint here is, that the city, at the expense of the plaintiff and other property owners, erected a sewer for the purpose, among others, of carrying off surface water; and having, in its discretion, constructed such sewer, the law imposed the duty on the city of main-

taining it in reasonable repair. This it failed to do (as the jury found), and because of such neglect of duty the city became liable to the plaintiff for whatever damages he received on account of such failure. Hence it follows that the numerous authorities cited by defendant's counsel under point one of his brief have no application. *McInery v. City of St. Joseph,* 45 Mo. App. 296.

It is not necessary either to discuss the supposed power of the city, when a sewer is completed, to shut it up or withhold the same or part thereof until some future time before opening it for public use. After a careful reading of all the record we fail to discover any substantial evidence that tends to prove that the sewer or any part thereof, was, at the time it was finished, withheld from service. Indeed, all the evidence and every reasonable presumption is the other way—that the sewer and basins were accepted by the city as a completed job, with these catch basins finished and opened to take in the surface water; but that they were negligently allowed to become stopped up and buried beneath the soil and *debris* there collected.

There seems to be some contention in defendant's brief that the rain doing the damage was of an extraordinary character, and being an act of God, the city could not be held. In *Haney v. City of Kansas,* 94 Mo. 234 (which was a case of overflow similar to this), the following instruction was approved, to wit: "If you believe the damage complained of was caused by the act of God or inevitable accident in which the negligence of the defendant concurred and contributed to said damage, then you must find for the plaintiff." And in that connection the court says: "If by reason of the want of such care and prudence the curbing and guttering became defective and out of repair, and this defective condition became an active agency with the

act of God in producing the damage, then the city would be liable. The commingling negligence of the city must amount to the want of ordinary care." At the trial of the case at bar the jury were practically instructed as was done in the *Haney case*, and we approve it. Besides the evidence here is almost conclusive that if these catch basins had been open and unobstructed there would have been ample means of escape for the water, and plaintiff's property would have received no damage.

We have examined in detail other points made in briefs of counsel, and find in none of them any substantial cause for complaint. The issues were fairly tried, and submitted on proper instructions; the damages awarded by the jury are, it seems, just what it cost the plaintiff to repair his property. We shall not disturb the judgment.

It is, therefore, affirmed. All concur.