DANIELS et al. *v.* THE CITY OF DENVER.

PRACTICE — *motion in arrest is matter of record.* A motion in arrest of judgment is a part of the record without a bill of exceptions or other authentication.

*Presumptions indulged on motion in arrest.* Upon such motion formal defects in the declaration will be disregarded, and all things implied in or inferable from what is alleged, will be taken as having been proved before the jury.

DENVER — *of the power to provide sewers and drains in streets.* The power to provide sewers and drains in the public streets of the city of Denver (5 Sess. 100) is to be exercised in the discretion of the corporate authorities.

And where the city has not attempted to provide drainage in a public street, it cannot be held liable in damages for injuries resulting from the want of such drainage.

*Error to District Court, Arapahoe County.*

THE declaration is sufficiently stated in the opinion. The trial was upon the general issue, and plaintiffs obtained a

verdict for $3,000 damages. The city moved in arrest of judgment, which was allowed, and the plaintiffs sued out this writ of error. A bill of exceptions which appeared in the transcript, and which embraced the written motion upon which judgment was arrested, having been quashed on a former day of this term, it was said in argument that the ruling of the district court upon that motion was not open for review; that this court must assume that the district court was correct on that point.

Mr. E. L. SMITH and Mr. N. HARRISON, for plaintiffs in error.

Mr. T. M. PATTERSON and Mr. M. BENEDICT, for defendant in error.

Mr. Justice STONE, having been of counsel, did not participate in the decision.

HALLETT, C. J.    A motion in arrest of judgment is a part of the record, without a bill of exceptions or other authentication, and the question here presented is, whether the declaration will support the verdict. Formal defects cannot be regarded, and we are to presume that all things implied in or inferable from what is alleged were proved before the jury. Gould's Pleadings, 495, Cap X, §§ 11 and 12.

But, if it is claimed that facts, not in any manner referred to in the declaration, may now be imported to sustain the verdict, upon the ground that a liberal rule in regard to amendments has been adopted in courts of original jurisdiction, the proposition cannot be entertained. Plaintiffs charge that they were possessed of a building and storehouse on Larimer street in the city of Denver, which was inundated and overflowed by water on the 8th day of June, 1873, and thereby they suffered great damage in the loss of merchandise and otherwise ; that such overflow was caused by a sudden and heavy rainfall, against which the city had not provided by constructing proper and sufficient drains,

sewers, culverts, and other outlets for the safe and convenient passage of the water on Larimer street, as it was required by its charter to do. It was not alleged that the city had ever made or attempted to make any drain or other conduit for water in that street, nor is it alleged that the water was discharged out of the street into the plaintiff's premises. The case stands upon the express or implied duty of the city to provide a means of conveying off surface water from plaintiff's premises. By the charter, the usual authority to establish, grade, pave and improve streets, and to provide sewers and drains is conferred (5 Sess. 100, and it has never been supposed that a corporation may be liable in damages for the mere failure to exercise such power. 2 Dill. on Corp., § 801.

Some diversity of opinion exists as to the liability of the city for an improper or insufficient exercise of the power, but it is believed that all the authorities are in unison upon the principle that the time and manner of beginning the work of improvement is to be determined by the corporate authorities. In *Mills* v. *Brooklyn*, 32 N. Y. 489, this was said to be a very clear proposition, and I have not found any case in which it is denied; certainly, the legislature did not intend to impose upon the city of Denver the duty of providing sewers and drains in every street, but to give the power to make such improvements when convenience or necessity should require them. To examine authorities upon this point would not make it plainer, nor can any thing be added to what is said in the books upon the subject. The declaration does not show that the corporation was bound to provide sufficient drainage, nor that it contributed to the injury complained of, and, therefore, it is fatally defective.

The judgment is affirmed with costs.

*Affirmed.*