No. 9243.

THOMPSON ET AL. *v.* BODEN.

PROMISSORY NOTE.—*Principal and Surety.*—*Extension of Time.*—*Principal's Insolvency.*—*Evidence.*—*Payee's Knowledge.*—On trial of an action on a note against principal and surety, wherein the surety has answered an extension of time, a question to the payee, a witness, asking his reason for not giving an extension, and his answer thereto that he knew of the principal's insolvency, were relevant, competent and material.

Thompson *et al. v.* Boden.

PRACTICE.—*Objection to Question.—Evidence.—Supreme Court.*—An objection to a question put to a witness can not be made for the first time in the Supreme Court.

INSTRUCTION.—*Erroneous Conclusion.*—An instruction which, having stated a part only of the evidence given relative to the issue, concludes : "your finding should be for the plaintiff," is erroneous.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

*W. Garver* and *R. Graham,* for appellee.

FRANKLIN, C.—Appellee sued appellants on a promissory note ; Thompson was principal and Shumaker surety. Appellants answered separately. Thompson answered, that by agreement, for a valuable consideration, to wit, $2.00, the time of payment was extended for one year from the 24th day of August, 1879, which time had not expired at the commencement of this suit. .Which answer in abatement was sworn to. Appellee replied in two paragraphs : 1st. Denial. 2d. That the endorsement on the note, "for extension for one year $2.00," was fraudulently placed there by appellant Thompson, without appellee's knowledge or consent.

Appellant Shumaker answered in three paragraphs : 1st. That he was surety, and that appellee, by agreement with Thompson, the principal, in consideration of one dollar, without his knowledge or consent, extended the time of payment for one year from the 24th day of August, 1878, and that he was thereby released as surety. . The second was similar, for extending the time, in consideration of two dollars, for one year from the 24th of August, 1879. The third was similar, for extending the time of payment for one year, in consideration of the payment of interest in advance. To all of which appellee replied by a denial. Trial by jury ; verdict for appellee, and, over a motion for a new trial, judgment was rendered for appellee.

In the appeal to this court, there is no assignment of errors on the part of Thompson, and his pleadings will not be further

noticed.   The only error assigned by appellant Shumaker is in overruling his motion for a new trial.

The reasons stated in the motion for a new trial are :

1st.  The illegal admission of testimony.

2d.  Refusal to strike out illegal testimony.

3d.  Error in instructions to the jury.

4th.  The verdict was not sustained by sufficient evidence, and was contrary to law.

The first and second specifications present the same question, and may be considered together.   The testimony complained of consisted of the following question, asked appellee while on the witness stand, and, after an objection being overruled, by him answered :   " I will ask you what reasons you have, if any, for not giving an extension ; you knew about Thompson's circumstances at the time, did you not?" Answer.   " I knew ; I had been told, and was certain he was insolvent, and was not worth it ; I knew that at the time." The objection to this question and answer made at the time, was, " that it was irrelevant, incompetent, and immaterial."

The witness had just before testified that he had never made any agreement with Thompson for any extension of time ; that nothing was ever said between them in relation to extending the time of payment ; that the interest was always paid after due, never in advance ; that in 1878, in addition to the interest then due, Thompson gave him $1.00, for, as he said, being kind to him and indulging him ; that Thompson gave to him $2.00 in .1879, in the same way ; that Thompson each year made the endorsement on the note of the payment of the interest ; the amount was sixty dollars per annum, and without his knowledge or consent, he being unable to read on account of his not having his spectacles with him, in 1879, Thompson, in addition to endorsing the interest paid, endorsed also on the note " for extension of one year $2," and that Thompson did not read the endorsement for extension to him.   The testimony objected to might materially affect the former evidence of the witness.   We do not think that it was " irrele-

vant, incompetent or immaterial." The objection urged in this court is that the question was too leading. The latter part of it was, indeed, very suggestive. But had that objection been made in the court below, the court could have remedied the error, and required the question to be properly asked before it was answered, or refused it entirely, after its having been put in such a leading form. This objection, not having been made in the court below, ought not, for the first time, to be urged in this court. *Bruker* v. *Kelsey,* 72 Ind. 51; *The City of Huntington* v. *Breen,* 77 Ind. 29. There was no available error in the admission of this testimony, or in the overruling of the motion to strike it out.

The third error assigned is in relation to the instructions to the jury.

We see no reasonable objection to the giving of the first instruction asked by appellee.

The second one asked reads as follows: "If the jury believe, from the evidence, that the endorsement on the back of the note in controversy 'for extension of one year $2,' or the endorsement of any sum on the said note, as for any extension of time, was made fraudulently and without the knowledge or consent of the plaintiff, then, and in that case, the plaintiff is not bound by such endorsement, and your finding should be for the plaintiff."

This instruction would have been all right, if the conclusion had been omitted. That does not, necessarily, follow the main instruction. The only issue presented upon the endorsement on the note was in the reply to Thompson's answer. There was no such issue presented on Shumaker's answer, and the instruction covered Shumaker's defence the same as Thompson's.

But both of their answers plead the agreement for extension as a defence, and are not based upon the endorsement on the note. If the endorsement was fraudulent and void, and appellee was not bound thereby, still appellants had the right to prove the agreement, otherwise than by the endorsement

upon the note. And the record shows that other evidence than the endorsement on the note was given upon the subject of the agreement. This instruction took all the other evidence of the agreement away from the jury. The testimony was conflicting; Thompson swearing that there was such an agreement, and Boden swearing that there was not such an agreement, thereby presenting an issue of fact, the decision of which the court had no right to withdraw from the jury, by instructing them to find for the plaintiff, if the endorsement upon the note was fraudulent. We think this instruction was not applicable to the issue presented by appellant Shumaker's defence, and well calculated to mislead the jury and prevent them from properly considering all the evidence applicable to the issues in his defence; and that the giving of the instruction was erroneous, for which a new trial ought to have been granted.

The court below erred in overruling the motion for a new trial, for which the judgment must be reversed, as to Shumaker.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below, as to appellant Shumaker, be and the same is in all things reversed, at the costs of the appellee, and that the cause be remanded with instructions to the court below to grant to appellant Shumaker a new trial, and for further proceedings.