## J. P. MOORE v. A. REDDING.

1. PRINCIPAL AND SURETY. *Forbearance. Consideration. Discharge of surety.*

An agreement by the holder of a note to extend for a definite period the time of payment, in consideration of the promise of the principal debtor to pay interest on the debt during such extension, constitutes a binding contract of forbearance, and will operate to discharge a surety who does not consent to the extension.

2. SAME. *Contract to forbear. Agreement for interest; rate immaterial.*

It is immaterial what rate of interest is to be paid during the period of extension. It may be the rate stipulated for in the original contract or a different one. The right of the debtor to have the use of the money for any defined time, and the right of the creditor to get interest at any given rate for such period, are alike valuable in law, and will support the reciprocal promises of the parties—that of the creditor to forbear, and that of the debtor to retain the money and pay interest. *Brown* v. *Prophit*, 53 Miss., 649.

FROM the circuit court of Yazoo county.
HON. J. B. CHRISMAN, Judge.

Action by appellee on a promissory note executed at Yazoo City, March 3, 1887, as follows:

"One year after date we promise to pay to the order of Mary S. Powell, four hundred dollars, with ten per cent. interest from date. Value received.

"R. G. HUDSON,
"J. P. MOORE."

Hudson was the principal debtor, Moore signing as surety. On the back of the note are the following indorsements:

"Int. for one year, forty dollars, paid; and same extended one year. March 15th, 1888.

"Int. for two years, eighty dollars, paid; and the same extended one year longer. April 18th, 1890."

After its maturity, the note was given by Mary S. Powell to appellee, her daughter. Hudson being a non-resident, this suit was brought against Moore, August 6, 1891. Among other things, the defendant pleaded that he signed the note as surety for the accommodation of Hudson, which fact was known to the payee; that on March 15, 1888, after the note became due, the said payee, at the request of Hudson, and in consideration of his promise to pay her ten per cent. interest for another year, extended the time of payment of the principal for one year, without the knowledge or consent of defendant, whereby he was discharged. Defendant also pleaded that on April 18, 1890, in consideration of eighty dollars paid as interest, for which sum defendant was in nowise liable, and for the further consideration of the promise of Hudson to pay interest on the principal for another year, the payee extended the time of payment of the note for twelve months, without the knowledge or consent of the defendant, whereby he was discharged.

Issue was joined and a trial had. Plaintiff introduced the note with the indorsements thereon, together with the testimony of Mrs. Powell, the payee. She testified, in substance, that when the note became due, March 3, 1888, she sought Hudson, the maker, but did not find him; that a few days afterwards she saw him, and mentioned that the note was due, and asked what he would do about it; that he said times were stringent, and, as he had not received the returns from his cotton sales, he would like to pay the interest already due, and have the note extended; that she stated that she was thinking of buying some land, and would probably need the money, and that he said, "Very well; I will keep it until you need it. When you want the money, give me twelve days' notice, and I will raise it for you;" that she replied, "All

right;" and that a few days afterwards Hudson sent the interest already due, and she sent the note to him, which he returned, with the indorsement written on it, of date March 15, 1888; that she remembered nothing that occurred relative to the second indorsement, except that the accumulated interest for two years was paid at that time.     Here the plaintiff closed.

Defendant introduced the deposition of R. G. Hudson, who testified, in substance, that Moore signed as surety for his accommodation; that he thought Mrs. Powell knew this fact at the time of the transaction; that the indorsements on the back of the note correctly expressed the facts as they existed, in reference to the extensions, so far as his recollection went; and that he supposed that the reason why the paper was extended was that he preferred to carry the debt, paying the interest, and that Mrs. Powell was willing.     Defendant, Moore, as a witness in his own behalf, testified that he was an accommodation maker; that if the paper had been presented to him at its maturity, in March, 1888, it would have been paid; that he had no knowledge of the extensions; that Hudson had become insolvent in the meantime, and that payment had not been demanded of him until about the time of suit.     This was all the testimony.

The court instructed the jury to find for the plaintiff.     Verdict and judgment accordingly.     Motion for new trial overruled.     Defendant appeals.

The above, together with the facts stated in the opinion, will indicate the questions decided by the court.

*Williams & Williams*, for appellant.

1. The evidence shows that appellant signed the note as surety for the accommodation of Hudson.     This was known to payee.     The appellee acquired the note, after maturity, by gift, and stands in the shoes of her mother.

2. Appellant was discharged from liability by the action of the payee in extending the time of payment of the note.     By an agreement to extend, coupled with an actual extension for

a definite period, based upon a valid consideration sufficient to tie the hands of the creditor, a surety is discharged, if the extension is made without his knowledge. *Waddlington* v. *Seay*, 7 Smed. & M., 522; *Thornton* v. *Dabney*, 23 Miss., 559; *Govan* v. *Binford*, 25 *Ib.*, 151; *Clarke County* v. *Covington*, 26 *Ib.*, 470; 7 Ill., 570; 27 *Ib.*, 323; 8 Tex., 66; 55 Pa., 492.

The agreement of extension need not be in writing, nor in any form of words, but may be inferred from the circumstances, and it is for the jury to say what was the understanding of the parties. Brandt on Suretyship, § 351 and authorities cited; 13 Allen, 72; 57 Iowa, 354.

Any positive act or active interference of the creditor, whereby the hazard of the surety is increased, will release the latter. 4 Smed. & M., 165; 11 *Ib.*, 178; 12 *Ib.*, 468.

The authorities agree that the right to get interest at an increased rate is a sufficient consideration for the extension, and all that we have examined hold that the right to get it at a reduced rate is sufficient. It is a question of consideration, and not as to the adequacy of it. Brandt on Suretyship, § 354; 13 N. H., 240; 37 Me., 102; 13 Ohio St., 295; 15 *Ib.*, 57; 14 *Ib.*, 348; 2 Bush (Ky.), 129; 27 Ga., 564; 25 Hun (N. Y.), 344. And we refer specially to *Brown* v. *Prophit*, 53 Miss., 649.

*Keirn* v. *Andrews*, 59 Miss., 39, went off on defective pleading, but the court distinctly re-affirmed the views announced in *Brown* v. *Prophit*, using this language : "The right of a creditor to get the interest for a definite period is a sufficient consideration to uphold a promise to forbear, and to tie the hands of the creditor so as to discharge a surety not consenting to it." See also Tiedeman on Com. Paper, § 494 and authorities cited. *Polkinghorne* v. *Hendricks*, 61 Miss., 366.

In the case of *Dubuisson* v. *Folkes*, 30 Miss., 432, it was merely decided that where prepayment of interest was pleaded, it was necessary to prove it.

3. It was error to give a peremptory instruction. The cause should have been submitted to the jury to decide

whether or not there was a valid contract for extension. *Whitney* v. *Cook*, 53 Miss., 551; *Swan* v. *Ins. Co.*, 52 *Ib.*, 704.

*T. H. Campbell*, for appellee.

In order· to discharge a surety, there must be a binding ·contract between creditor and principal, founded on a *new and valuable* consideration, by which the creditor is precluded from suing upon the contract in its original form. *Roberts* v. *Stewart*, 31 Miss., 664.

*Brown* v. *Prophit*, 53 Miss., 649, relied on by opposite ·counsel, is not applicable. There the creditor had a distinct agreement with the maker that he should pay thereafter $2\frac{1}{2}$ per cent. interest per month. In this case nothing was said about paying interest during the time of the alleged extension. Though Mrs. Powell may have supposed that the note was to bear the contract rate, no new *agreement* was made to that effect. A promise to pay, or the payment of the original ·contract rate of interest, is not a sufficient consideration to uphold a contract of forbearance. 25 N. Y., 189; 45 Ind., ·523; 84 *Ib.*, 574; 90 Ill., 537; 28 Iowa, 427; 130 Mass., 127; Daniel on Neg. Inst., § 1317*a*.

Here nothing was done but the payment of the past-due interest, and there was no agreement for the after-payment of interest. It is evident that both Mrs. Powell and Mr. Hudson regarded this as a mere indulgence, and that the time was allowed to run along indefinitely without any explicit contract. As to the rights of a surety in such a case, ·see *Clopton* v. *Spratt*, 52 Miss., 251.

That the payment of accrued interest is not a sufficient consideration to support a contract for forbearance, can hardly be disputed. *Roberts* v. *Stewart, supra*; 4 Watts (Pa.), 446; 21 Ill. App., 169; 26 *Ib.*, 177; Am. Dig., 1889, p. 3145, § 36.

The testimony of R. G. Hudson, relied upon to show a valid contract for the extension and the payment of interest, is wholly insufficient. His testimony, together with the in-

dorsements on the back of the note, show that there was no express agreement, but simply the payment of the past-due interest and indulgence.

Opposite counsel cite U. S. Dig., 1882, p. 754, § 13, which refers to *Wendling* v. *Taylor*, 57 Iowa, 354, which does not support the contention of counsel. In that case there was an extension for a definite time for a valid consideration, as found by the jury.

The makers of the note were bound to pay ten per cent. interest until the debt was paid, and not merely until maturity. *Meaders* v. *Gray*, 60 Miss., 400. As the statute requires an agreement to pay more than six per cent. interest to be in writing, and as there was no such contract, the alleged agreement was void, and there was nothing to prevent Hudson from being sued at any time. *Turner* v. *Williams*, 73 Me., 466, where this question is decided point-blank.

COOPER, J., delivered the opinion of the court.

There can be no controversy about the law of this case. Moore signed the note sued on as surety for R. G. Hudson, now a non-resident of this state, and the fact of his suretyship was known to Mrs. Powell, the payee of the note. Appellee, the present owner of the note, received it as a gift from Mrs. Powell long after the transactions which are relied upon by Moore as discharging him from liability. It is not suggested that he knew of or consented to the supposed contract for extension between his principal and Mrs. Powell.

It is the well-settled law in this state and elsewhere that the mere passive conduct of the creditor in failing to pursue the principal debtor, or a mere agreement not to do so, does not release the surety. It is equally well settled that if the creditor, without the consent of the surety, enters into a contract with the principal, by which the right of action is suspended for a specific time, the surety is released. A contract, of course, implies a consideration, and the agreement of the parties upon the same. The authorities cited and re-

lied on by counsel for appellant and appellees group themselves around this central question, and illustrate particular circumstances under which, in the various states of case, extensions have been held to have been or not to have been under and by virtue of contracts. Whether there is a contract or not, is a question of fact for the decision of the jury. Its effect, if proved, is for announcement by the court.

The decisive inquiry in this case was, whether Mrs. Powell agreed that Hudson should retain the money for another year on interest and Hudson agreed so to do. The right to use the money for a year would be a sufficient consideration to uphold Hudson's promise to pay interest, and his promise to pay interest during that time a sufficient consideration to support Mrs. Powell's promise to extend the payment of the principal sum. It is wholly immaterial what rate of interest is agreed on by the parties. It may be the same, or a greater or less rate than that stipulated for by the original contract. The right to have the use of money for a defined time, and the right to have interest at any agreed rate, for any defined time, are alike deemed valuable in law, and reciprocal promises—one by the creditor, to permit the money to remain on interest, and the other by the debtor to retain it on interest—mutually support each the other. *Brown* v. *Prophit*, 53 Miss., 649.

Whether Mrs. Powell and Mr. Hudson entered into such contract was a question of fact which, under the evidence, should have been submitted to the jury.

*Judgment reversed, and cause remanded.*