[No. 1301.]

DRESCHER v. FULHAM ET AL.

1. PROMISSORY NOTES—SURETYSHIP—PAROL EVIDENCE.

It may be shown by parol testimony that one who appears upon the face of a promissory note as a maker was in reality a surety, but to avail himself of the fact as a defense, he must further show that the fact of his being a surety only, was known to the payee at the time the note was executed.

2. SAME—EXTENSION OF TIME—PAROL EVIDENCE.

An agreement for the extension of the time for payment of a promissory note may be shown by parol testimony.

3. SAME—EXTENSION OF TIME—CONSIDERATION.

If the agreement for the extension of time for the payment of a promissory note be made *bona fide*, it is immaterial how insignificant the benefit to the promisor or how slight the inconvenience or damage to the promisee may appear, provided it is susceptible of any legal estimation, it is an adequate consideration. A promise to pay interest during the time of the extension is a sufficient consideration for the extension of time of payment.

4. Same—Extension of Time—Release of Surety.

An agreement between the payee and payor of a promissory note for the extension of the time of payment, without the consent of the surety, releases the surety from his obligation.

5. Same—Corporation—Authority of Secretary. ·

Where the secretary had the authority to accept a note and did accept a note for the corporation in his own name as secretary, he had the authority to extend the time of payment of the note.

*Appeal from the District Court of Arapahoe County.*

Mr. William H. Wadley, for appellant.

Messrs. Talbot & Denison, of counsel.

Mr. M. J. Bartley, for appellee T. B. Croke.

Wilson, J., delivered the opinion of the court.

Mrs. Fulham, one of the defendants, was a member of and shareholder in The Globe Building, Loan and Investment Association, of which the plaintiff was secretary. She had borrowed money from the association, for which she had executed her note secured by deed of trust upon certain real estate owned by her. About July 27, 1893, she had become in arrears for dues, fines, assessments and interest, owed by her as a member of the association, to the amount of about $500. Being unable to pay, she had offered to give her note, but this was declined. It was then suggested by her, or her husband acting as her agent, that she would give a note for the arrearages, executed by herself and defendant Croke. This proposition was accepted by the plaintiff. After some consultation between the husband, defendant Fulham, Croke and plaintiff, the note was finally executed, delivered to and accepted by plaintiff, and Mrs. Fulham received credit for her arrearages. The note reads as follows:

"$520.96.                     Denver, Colo., July 27, 1893.

"Ninety days after date I promise to pay to the order of J. F. Drescher, Secretary, five hundred twenty and 96/100

dollars at office of Globe Building, Loan Investment Association, with interest at one per cent per month, payable monthly.

" Value received.

" (Signed)          ETTA M. FULHAM.
"THOMAS B. CROKE.

It is not contended that Croke received any consideration on account of the note. On March 3, 1894, suit was commenced on the note. Mrs. Fulham entered no appearance and made no defense. Croke filed an answer in which he pleaded that he had signed the note with the knowledge and at the request of plaintiff as surety only; that at the time of the maturity of the note Mrs. Fulham was solvent and fully able to pay the same, but that at such time, the plaintiff without his knowledge or consent, entered into an agreement with Mrs. Fulham, whereby the payment of the note was extended for three months; that the consideration for said agreement of extension was " the promise of the said Etta M. Fulham by her agent that she would not discontinue her connection with the said association, and that she would pay her dues thereto as they accrued, and the payment of a portion thereof, and the payment of all accrued interest up to date on said note, together with interest to accrue." Wherefore he claimed that he had been discharged and released from all liability on said note. Upon trial, the verdict of the jury and judgment were in favor of defendant Croke. Plaintiff appeals.

It is not disputed that if Croke was a surety, and a valid agreement of extension was entered into as set forth in his answer, he was released. The consideration of two questions substantially covers the assignment of errors. First, Was Croke a surety as to plaintiff? Second, Was there a valid contract for extension of time of payment entered into between the plaintiff and Mrs. Fulham, without the knowledge or consent of Croke? Both of these questions are largely those of fact, and to that extent, this court is bound by the verdict of the jury. The evidence was conflicting, but there

being sufficient to support the findings, the verdict will not be disturbed, provided the evidence upon which it was based was submitted with proper instructions from the court. There has been much dispute and conflict in authority as to the right of one who appears upon the face of a note as a maker to show by parol testimony that he was in reality a surety. It is now well settled by the great weight of authority that this can be done. *Bank v. Mallett*, 34 Me. 549; *Hubbard v. Gurney*, 64 N. Y. 459; *Moore v. Redding*, 69 Miss. 841; *Bank v. Skidmore*, 30 S. W. Rep. (Tex.) 565; *Bank v. Jeffs*, 15 Wash. 231; *A. & G. Mortg. & Inv. Corporation v. Marquam et al.*, 62 Fed. Rep. 960; *Irvine v. Adams, imp.*, 48 Wis. 474; *Stillwell v. Aaron*, 69 Mo. 539; Tiedeman, Com. Paper, § 422; Randolph, Com. Paper, §§ 909, 910. Before the party can avail himself of this fact, however, he must further show that the fact of his being a surety only was known to the payee at the time when the note was executed. Counsel for appellant strenuously insist that it must further be shown that the payee agreed to accept the party as surety. We do not think that either the reason of the rule or the authorities go to this extent. If they did, however, we think that the acceptance of the paper with the knowledge that the party signed it as surety, is sufficient evidence of assent. In our opinion, knowledge alone is sufficient to be shown in the first instance, by the party seeking to avail himself of this defense. *Hubbard v. Gurney, supra; Bank v. Mallett, supra; Bank v. Skidmore, supra; A. & G. Mortg. & Inv. Corporation v. Marquam et al., supra; Irvine v. Adams, imp., supra;* 2 Brandt, Suretyship and Guaranty, § 375.

It is insisted that the agreement for extension of time of payment was not indorsed upon the note, and that it was not shown by competent evidence. An agreement to extend the time of payment may be shown by parol testimony, and it becomes a question for the jury, if there is any evidence upon the point. 1 Greenleaf, § 304; Randolph, Com. Paper, § 957; *Thompson v. Boden*, 81 Ind. 176. It has even been held upon sound reason that a valid agreement for the exten-

sion of time of payment may be implied from the facts and circumstances of the case. *Davis v. Graham*, 29 Iowa, 514; 2 Brandt, Suretyship and Guaranty, § 351; Randolph, Com. Paper, § 957.

Counsel strenuously urge, however, that if there was an agreement for extension it failed by reason of want of a good consideration, or that the consideration was executory and the conditions were not fulfilled. The question as to what is a valid consideration for a contract of extension of time of payment covers a wide field. In the adjudicated cases it can be found that in some instances the consideration is insignificant in character and amount, in others great, but in all, they differ. The general principle upon which all are founded, however, is expressed in Story on Contracts, § 548: "Every party to the contract may ordinarily exercise his own discretion as to the adequacy of the consideration, and if the agreement be made *bona fide*, it matters not how insignificant the benefit may apparently be to the promisor, or how slight the inconvenience or damages appear to the promisee, provided it be susceptible of any legal estimation." It is said, and it is supported by authority, that any valuable independent consideration will be sufficient to make an agreement for extension binding. Tiedeman, Com. Paper, § 424. An agreement for extension of time in consideration of a payment on account of another debt will be binding, and sufficient to discharge the surety. Randolph, Com. Paper, § 965; *Rigsbee v. Bowler*, 17 Ind. 167. It was alleged in defendant's (Croke's) answer that a part of the consideration for this extension was that Mrs. Fulham should remain in the association, and pay her dues thereafter, and there was testimony that she did pay some dues thereafter. This of itself was sufficient consideration to support the agreement. Regardless of any promise to continue payment of interest on the note, this constituted a new and independent consideration. It was a valuable benefit to the association to retain a member and to secure payment of further dues.

The main reliance of counsel for defendant, however, seems

to have been upon the agreement of defendant Fulham, the principal debtor, to pay interest on the note during the time of the extension, and the court instructed the jury that this was a sufficient consideration.   That this was a correct interpretation of the law is denied by some, but we think is well supported by the weight of modern and better authority, and is more in accord with sound reason and principle.   *Angel v. Miller et al.*, 39 S. W. Rep. (Tex.) 1092; *Bouter v. Dillon*, 63 Ill. App. 517; *Moore v. Redding, supra ; Chute v. Pattee*, 37 Me. 105; *Fawcett v. Freshwater*, 31 Ohio St. 637; *Benson v. Phipps*, 87 Tex. 578; *Wright v. Bartlett*, 43 N. H. 551; 2 Brandt, Suretyship and Guaranty, § 354; Randolph, Com. Paper, § 965; *Nelson v. Flagg et al.*, 50 Pac. Rep. (Wash.) 571; *Eaton v. Whitmore*, 3 Kan. App. 761.   The courts which take a contrary view base it upon the ground that by such an agreement the creditor undertakes only to do that which he is bound by his original contract to do so long as he fails to make payment, viz: pay the interest stipulated in the note. To this it may be answered that the new contract ingrafts upon and adds to the old one a distinct feature.   The debtor surrenders his right to stop the accruing of interest by payment of the principal, and thereby assumes a new obligation, —that of paying interest during a specific and definite period of time fixed by the terms of the extension agreement.   The creditor acquires an additional right,—that of refusing payment and exacting interest during the full period of the extended time.   There are, it is true, authorities which hold that there must be some payment of interest in advance in order to make a contract of extension a binding one, where it is claimed that the consideration therefor is an agreement to pay interest during the time of extension.   The better rule in our opinion, and it is certainly more strongly supported, is that if the creditor accepts the promise to pay as an adequate and satisfactory consideration and acts upon the promise, it is sufficient.   It secures the object, the extension of time of payment for a definite period of time, and we see no reason why a surety should be released in the one instance

and held in the other, where the payee is satisfied with the consideration and the contract of extension is completed. That which releases him under the law is the extension of the time of payment for a definite period of time, thereby violating the implied obligation of the creditor to the surety not to interfere with the relations between the contracting parties so as to impair his legal rights, or diminish his remedies. *Riley v. Gregg*, 16 Wis. 6766. If the contract was made *bona fide* and upon a consideration deemed sufficient by the creditor, who has a right to complain, even though the consideration might appear to others as inadequate? To hold otherwise would be to take from a person the right to make his own contracts.

The holder of the note in this case, by the contract of extension, secured to himself as he supposed the payment of interest on the principal of the note for three months longer, and the debtor precluded himself from getting rid of the payment of interest for that period by discharging the principal. The promise of each was a part of the consideration. It is a valuable right to have money drawing interest, and it is a valuable right to have the privilege at any time of getting rid of payment of interest by discharging the principal. It is no more reasonable to say, that because the debtor did not comply with his agreement and pay the interest as promised, the contract of forbearance failed for want of consideration, than it would be to say that it failed for want of compliance with any other and independent promise upon which the extension was granted.

It is claimed that the association alone had the power to make a contract of extension, and that it did not do so. The plaintiff, as secretary, seems to have had the power to make a binding contract with reference to the settlement of the arrearages due to the association by Mrs. Fulham, and in pursuance thereof had the power, and did take a note in his own name, which was recognized by the association and forms the basis of this action; and if this were the case, we fail to see why he did not have the power to make a valid and bind-

ing contract of extension of time of payment. After the association has accepted the benefit of his acts, it cannot be heard to dispute his power. There was evidence, however, from which the jury might reasonably infer that the president of the association had assented to the making of the agreement of extension as proposed, although for the reasons just given, we do not think this consent would have been necessary.

The discussion of these propositions of law substantially covers all of the errors assigned by the plaintiff, and it is unnecessary to extend this opinion by a consideration of them in detail. The court fairly, fully, and correctly instructed the jury upon all questions involved. They were told, as requested by plaintiff, that the burden of proof rested upon the defendant Croke to show that he signed as surety and not as joint maker; that there was a contract for an extension of the time of payment of the note for three months, made for a valuable consideration, and without the consent of Croke, and that if he failed to establish any one of these facts by a preponderance of the evidence, they must find for plaintiff. Under these instructions, they found for defendant. Plaintiff requested three instructions which were refused. Two of these were manifestly not the law in accordance with the views herein expressed. The other did not go far enough to properly state the law, and would have been misleading. It attempted to eliminate entirely the question of Croke's consent to the agreement of extension (if there was one), either express or implied, which was vital to the determination of the issue. The verdict is fully supported by evidence, and being unable to discover any material error in the rulings or instructions of the court, the judgment will be affirmed.

*Affirmed.*