MESSER v. GULF, C. & S. F. RY. CO.

(Court of Civil Appeals of Texas. Austin. June 19, 1912. Rehearing Denied Oct. 9, 1912.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS.
An assignment of error not accompanied by a sufficient statement may be disregarded.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. WATERS AND WATER COURSES (§ 126*)— SURFACE WATERS—ACTIONS—SPECIAL DAMAGES—PLEADING.
Where the petition, in an action for damages for damming the surface water on plaintiff's lot by the erection of viaduct approaches, did not allege that plaintiff's family was made sick because of such conditions, evidence of that fact was not admissible.
[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 139, 141, 142; Dec. Dig. § 126.*]

3. WATERS AND WATER COURSES (§ 126*)— SURFACE WATERS—ACTIONS—EVIDENCE.
Where the evidence did not show that sickness in plaintiff's family was caused by the impounding of water on his premises by the erection of a viaduct approach by defendant, evidence of such sickness was not admissible in an action for resulting damages.
[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 139, 141, 142; Dec. Dig. § 126.*]

4. TRIAL (§ 252*)—INSTRUCTION—CONFORMITY TO EVIDENCE.
An instruction not supported by the evidence should not be given.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

5. MUNICIPAL CORPORATIONS (§ 829*) — STREETS — DRAINAGE DITCHES — LIABILITY FOR FAILURE.
Where a city has not undertaken to drain its streets, it is not liable for damages resulting from its failure to do so.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1777; Dec. Dig. § 829.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by John B. Messer against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

F. M. Spann and R. S. Spann, both of Temple, for appellant. Terry, Cavin & Mills, of Galveston, A. H. Culwell, of Dallas, Jno. M. Furman, of Belton, and John G. Gregg, of Galveston, for appellee.

RICE, J. For a number of years prior to the institution of this suit, appellant owned a half block of land in the city of Belton, abutting on Main and Eleventh streets, upon which was situated a two-story building, in which he and his family resided. In September, 1910, the appellee constructed a wooden viaduct or bridge a short ways north of plaintiff's residence across Main street, and erected approaches thereto, extending the same in front of plaintiff's residence on Main street, and likewise on Eleventh street, for a distance of some 75 feet, forming a dump about 3½ or 4 feet high at the northeast corner of plaintiff's lot at the intersection of said streets; and this action was brought by him against said railway company to recover damages occasioned thereby, alleging that said embankment interfered with his right of ingress and egress to said lot on each of said streets; that it impeded the flow of surface water from his yard, impounding the same thereon, causing the same to stand in his yard for eight weeks at a time, during which the same became offensive and unhealthful, and injured the foundation of his house, causing the same to settle, etc.

Defendant interposed a general denial, and specially pleaded that appellant's lots were located in a low place, which naturally catches and holds water; that the erection of said viaduct had not caused any water to flow over or upon said premises that would not naturally flow thereon if the same had not been erected; that if said property was injured the same arose solely from the failure of the city of Belton to perform its duty in providing proper drainage for its streets adjacent to plaintiff's property; and that if appellant suffered any injury it was the result of his own contributory negligence.

There was a jury trial, resulting in a verdict and judgment for appellee, from which this appeal is prosecuted.

[1-3] Appellant contends that the court

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

erred in refusing to permit him to testify relative to sickness in his family during the time that water was standing on his premises. The assignment presenting this question is not properly briefed, in that no sufficient statement is made in connection therewith, for which reason we might disregard it; but, in passing, we desire to say that we think the evidence was properly excluded for at least two reasons: First. There was no allegation in said petition to the effect that any member of his family was made sick on account of the conditions complained of. Second. There was no evidence showing, or tending to show, that said sickness was caused or brought about by reason of the impounding of said water; and, without such allegation and proof, the proposed evidence was inadmissible.

By his seventh assignment of error, appellant complains that the court erred in charging the jury that if they should find and believe from the evidence that the water was thrown upon the property of plaintiff, as alleged by him, but they further believed that the same was caused by the negligence of the city of Belton in not properly draining said streets, thereby causing the said water to flow upon plaintiff's premises, or to remain upon the same, then they could not find such injury or damage thereby occasioned as against this defendant. The evidence showed that the surface water falling upon plaintiff's yard prior to the construction of said viaduct and embankment drained towards the northeast corner of his lot and escaped through a ditch or drain across the street; but that after the construction of said viaduct the water was unable to escape, as aforetime, because no opening had been left thereunder, the original ditch having been closed thereby; that this water, during the spring of 1911, was impounded by said embankment and held upon his yard for some eight weeks at a time, causing great inconvenience and discomfort to his family; that his right of ingress and egress upon said streets was affected by said embankment, and that the water was caused to flow under his house, from which the foundation settled; and that his premises had depreciated in value on account of all these matters from $1,500 to $2,000. There was no evidence whatever showing, or tending to show, that the city of Belton had caused any of the injury complained of. It is true there was evidence to the effect that the situation might have been relieved if the city had constructed a ditch or ditches for the escape of water along Eleventh and Pearl streets.

[4, 5] A charge unwarranted by the evidence should not be given; and, since it did not appear from the evidence that the city of Belton had in any way interfered with or impounded the water causing the damage complained of, it could not be held

liable for its mere failure to relieve a situation brought about by the wrongful conduct of appellant. The mere failure of a city to grade or drain its streets does not render it liable to abutting owners for damage occasioned by surface water. The power to provide sewers and drains is one within the discretion of the city authorities; and, where it has not undertaken to provide such drainage, it is not liable for injuries resulting from the want thereof. See Daniels v. City of Denver, 2 Colo. 669; Town of Monticello v. Fox, 3 Ind. App. 481, 28 N. E. 1025; Woods v. City of Kansas, 58 Mo. App. 272; Barton v. City of Syracuse, 37 Barb. (N. Y.) 292; Mills v. City of Brooklyn, 32 N. Y. 489; Carr v. Northern Liberties, 35 Pa. 324, 78 Am. Dec. 342.

We have considered each of the remaining assignments, and, believing that they are without merit, overrule the same.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.