## No. 11,172.

### YOUNG *v.* BROWN, ET AL.

Decided March 2, 1925.

Action to foreclose real estate mortgage and for deficiency judgment.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   BILLS AND NOTES—*Indorser—Extension of Time.*   The endorser of a promissory note cannot claim to be relieved of liability thereon by extension of time of payment without his consent, where the note contains a clause to the effect that indorsers agree to any extension of time before, at or after maturity.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

Messrs. MCCONLEY & MCCONLEY, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by G. C. Brown to foreclose a mortgage on real estate and to obtain a deficiency judgment against each of the defendants hereinafter mentioned. There was a judgment for plaintiff as prayed, and the defendant Nora M. Young has sued out this writ, and applies for a supersedeas.

On May 14, 1919, the plaintiff in error, Nora M. Young, being then the owner of the land in question, conveyed the same to H. G. Southgate, one of the defendants below, and took back a promissory note in the sum of $3,000, due in three years, and a mortgage upon the land, being the mortgage foreclosed in this suit. Before the maturity of the note, Nora M. Young, by indorsement, assigned the note and mortgage to G. C. Brown, the plaintiff below.

On February 27, 1920, the defendant Southgate conveyed the premises to the defendant Mrs. M. J. McMullen. His deed was given subject to the mortgage, and by the terms of the deed the grantee, Mrs. M. J. McMullen, assumed and agreed to pay the mortgage indebtedness.

The note came due on May 14, 1922, and plaintiff, G. C. Brown, being then the owner and holder of the note and mortgage extended, for a valuable consideration, the time of payment to Mrs. McMullen, without the knowledge or consent of Nora M. Young, plaintiff in error.

It is the contention of the plaintiff in error that she was relieved of all liability on the note because of the extension of time of payment without her consent. It is conceded that if the facts were only such as thus far mentioned the contention of plaintiff in error would have to be upheld, and the judgment reversed, under the authority of *Smith v. Davis,* 67 Colo. 128, 186 Pac. 519, where this court said: "It is settled in this jurisdiction that a grantee of land who assumes and agrees to pay a note secured thereby, may be sued directly by the holder of such note. *Starbird v. Cranston,* 24 Colo. 20, 48 Pac. 652.

"In such a case the maker of the note becomes a mere surety who will be relieved of liability on it by an exten-

sion of the time of payment without his consent. *U. M. L. Ins. Co. v. Hanford,* 143 U. S. 187, 36 L. Ed. 118, 112 Sup. Ct. 437."

The contention of the defendant in error, G. C. Brown, is, and the theory of the trial court apparently was, that plaintiff in error had waived the operation of an extension of time for payment as a discharge, because the note in question contained the following clause: "The makers and endorsers hereof　*　*　*　agree to any extensions of time payment and partial payments before, at or after maturity."

The plaintiff in error contends that this clause refers only to an extension of time granted to the maker, and not to any one who may be substituted for the maker; in other words, that it does not apply to an extension of time granted to a grantee who has assumed the payment of the note. In our opinion, however, the clause refers to an extension of time of payment to anyone or everybody who is liable on the note. The purpose of the clause is to enable the holder of the note to be merciful to the debtor, or holder of the title to the real estate, where such holder assumed the indebtedness, and to relieve the mortgagee of the duty to force the note by foreclosure promptly at maturity in order to protect his rights against the endorsers. The trial court did not err in refusing to hold that plaintiff in error was relieved of liability.

The application for a supersedeas is denied and the judgment affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.