## No. 11,746.

FOOTE v. LARIMER COUNTY BANK & TRUST COMPANY, ET AL.

Decided September 19, 1927. Rehearing denied October 10, 1927.

Action on promissory note. Judgment of dismissal.

## Affirmed.

1. APPEAL AND ERROR—*Judgment—Dismissal.* Although no judgment of dismissal was actually entered by the trial court, the practical effect of the proceedings being a dismissal, it will be so regarded on review.

2. BILLS AND NOTES—*Extension—Consideration.* Unless the payee of a note received some benefit or the maker suffered some detriment by reason of the extension of a promissory note, there was no consideration for the extension and it would be void.

3. *Extension—Consideration.* Partial payment of interest due on a promissory note does not constitute a consideration for extension of time of payment.

4.    *Extension—Consideration.* In an action on a promissory note, contention of defendants that under the terms of the extension of time of payment they no longer had the right, which they previously had, to pay before maturity, and that this constituted a consideration for the extension, held not sustainable under the disclosed facts.

5.    *Extension—Consideration.* Where under the terms of an extension of time of payment of a promissory note the makers assumed an obligation beyond their original contract, and the payee acquired a benefit that was not his before the extension, it is held that this constituted a consideration sufficient to support the extension agreement.

6.    *Actions—Premature.* Where the time of payment of a promissory note is extended for a valuable consideration, an action commenced thereon before the new date of maturity, held premature both as to principal and interest.

*Error to the District Court of Larimer County, Hon. Claude C. Coffin, Judge.*

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for plaintiff in error.

Mr. JOHN H. SIMPSON, for defendants in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiff in error (plaintiff below) sued George W. Foote, his father, and Della E. Foote, his stepmother, on a promissory note. While the suit was pending, George W. Foote died, and the Larimer County Bank and Trust Company, as administrator of his estate, was substituted for him as one of the defendants. The note sued upon is as follows:

"$28,000.00                              Loveland, Colorado,
                                               August 16, 1920.

On or before two years after date, for value received, I, we, or either of us promise to pay to the order of James Lindsey Foote, Twenty-eight Thousand No/100

Dollars, at the Larimer County Bank and Trust Company, Loveland, Colo., without interest.

Unpaid principal and defaulting interest to bear interest at 6 per cent. per annum from maturity until paid; also 10 per cent. additional on amount due as attorney's fees for collection, included with principal. Protest and notice of dishonor waived. No extension of this note, with or without payment of interest, shall release either maker or endorser, value received.

No. ——. Due Aug. 16, 1922.

Geo. W. Foote,<br>Della E. Foote.''

There was paid on the principal the sum of $3,300. On July 31, 1923, there was paid on account of interest the sum of $500; the unpaid interest computed to August 16, 1923, amounting to $982, was added to the principal; and the note was extended by the following endorsement, signed by the plaintiff: ''7/31/23. This note extended to August 16, 1928, at the same rate of interest and same conditions.''

This extension was pleaded by the defendants, and the plaintiff, in reply, pleaded that the extension agreement was without consideration and void. The trial court held that there was a valid consideration for the extension, and therefore that the suit was prematurely brought, so far as the principal was concerned, but that the plaintiff was entitled to recover interest in the sum of $1,739.89. The court directed a verdict for that amount. Plaintiff's motion for a new trial was denied, and thereupon the defendants' motion to arrest judgment was granted. The judge expressed a doubt as to the proper order to enter upon arrest of judgment—whether an order dismissing the case is or is not the proper order. It would seem that he intended to dismiss, for he said to plaintiff's counsel: ''You have told me in argument that you would have judgment for all or nothing. I am not giving you judgment for all, therefore I will give you judgment for nothing.'' No judgment of dismissal was

actually entered; but dismissal was the practical effect of the proceedings. *Daniel v. City of Denver,* 2 Colo. 595; Id., 2 Colo. 669; 34 C. J. p. 44. We will treat the case as before us on a judgment dismissing the plaintiff's action.

1. We agree with the contention of plaintiff's counsel, that the plaintiff is entitled to both principal and interest or to nothing. The extension was ''at the same rate of interest and same conditions.'' In the note the makers promised to pay $28,000 *without interest*; but the note provided that unpaid principal shall bear interest ''at 6 per cent. per annum from maturity until paid.'' These provisions were adopted by the extension agreement. If the extension agreement was not binding, the judgment should be reversed; if that agreement was binding, the judgment should be affirmed. Unless the payee of the note received some benefit or the makers suffered some detriment, there was no consideration for the extension, and the extension was void.

2. There was no cash consideration paid for the extension. The payment of $500 on July 31, 1923, was no consideration for the extension, for that was a payment of only a part of the interest that had accrued since the maturity of the note, August 16, 1922, and in paying it, the makers merely did what they already were legally bound to do. But counsel for the defendants contend that after the extension the defendants no longer had the right, which they previously had, to pay the principal before maturity, and thereby relieve themselves of further payment of interest, but were obliged to pay interest up to maturity, which they were not previously bound to do, and that this constitutes a sufficient consideration. *Drescher v. Fulham,* 11 Colo. App. 62, 52 Pac. 685. However, as we construe the agreement, the makers continued to have the right to pay the principal before maturity. The agreement was that the extension was to be ''at [upon] * * * the same conditions.'' The words ''on or before,'' in the note, constituted a condition

whereby the makers were permitted to pay the principal before maturity; the extension, therefore, was upon that condition. So far as the right to pay before maturity is concerned, there was no change in the situation of the parties. This contention of counsel for the defendants cannot be sustained.

3. Counsel for the defendants contends that converting into principal the unpaid interest that had accrued after maturity of the note constituted a consideration for the extension. On the other hand, counsel for the plaintiff contend that it does not constitute a consideration, because, although such incorporated interest is itself to bear interest after the maturity of the note, it would bear such interest had there been no extension, in view of this provision in the note: "Unpaid principal *and defaulting interest* to bear interest at 6 per cent. per annum from maturity until paid." We have not the opportunity to see the note itself. It is evident that the parties used a printed form customarily used where interest is to be paid monthly, quarterly, semi-annually or annually. In such cases if the interest is not paid at the designated time it would be in default, and by the terms of the note the' defaulted interest would bear interest at a stipulated rate from the date of default until paid. In the case at bar the note bore no interest until after the maturity of the note; and, of course, interest after maturity was not required to be paid monthly, or quarterly, or at any other stated time prior to the payment of the principal. The provision, "defaulting interest to bear interest at 6 per cent. per annum from maturity until paid," can have no application in the present case. Such part of the principal as was unpaid on the due date bore six per cent. interest, but that interest did not itself bear interest. From what date or dates could it be computed? As already stated, it was not payable monthly, quarterly, semi-annually, annually, or at any other stated time; therefore it was to be paid when the principal was paid. If judgment were rendered on the

note, interest would be computed from maturity of the note to the date of judgment, but the interest would not be compounded.  In the present case, when the unpaid interest that had accrued since the maturity of the note was included in the principal and the makers agreed to pay interest thereon after the new date of maturity, the makers assumed an obligation beyond their original obligation, and the payee acquired a benefit that was not his before the extension.  This constituted a consideration sufficient to support the extension agreement.  *Drescher v. Fulham,* 11 Colo. App. 62, 52 Pac. 685; *Drake v. Pueblo National Bank,* 44 Colo. 49, 96 Pac. 999.  As the extension agreement was supported by a valid consideration, and is therefore valid, this action was commenced prematurely, as to both principal and interest.  The trial court was right in refusing to enter judgment for the plaintiff.

The judgment is affirmed.

Mr. Chief Justice Burke, Mr. Justice Campbell, and Mr. Justice Adams concur.