No. 12,545.

American Medical and Dental Association *v.* Grant.
(285 Pac. 1099)

Decided March 10, 1930.

Mr. Grant L. Hudson, for plaintiff in error.

Mr. J. Emery Chilton, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

The American Medical and Dental Association, a corporation, plaintiff in error, hereinafter referred to as

plaintiff, brought its action in the district court against H. A. Grant, defendant in error, to recover judgment on defendant's promissory note.

At the trial, upon motion of the defendant, the court dismissed plaintiff's action with prejudice, at the cost of the plaintiff, and entered the proper judgment, from which the plaintiff prosecutes this writ.

The complaint alleges ownership in the plaintiff, demand for payment and refusal, and alleges an extension of time of payment. The answer admits ownership, demand for payment and refusal, denies the alleged extension, and pleads as a defense the statute of limitations.

The note, with written extension on the reverse side thereof, is as follows:

"$165.00.                    Denver, Colo., Mar. 1, 1919.

"One year after date, for value received, I, we or either of us promise to pay to A. J. Pate or order one hundred and sixty-five 00/100 dollars with interest at 8 per cent. per annum from .......... until paid, interest payable annually. Principal and interest payable at the Broadway Bank, Denver, Colo. And a failure to pay any of said interest when due shall cause the whole note to become due and collectible at once, or the interest to be counted as principal, at the option of the holder of the note. The makers and endorsers hereof hereby severally waive presentment for payment, protest, notice of nonpayment and of protest, and agree to any extensions of time payment and partial payments before, at or after maturity. If this note or interest is not paid when due we agree to pay all reasonable costs of collection, including 10% attorney's fees, and also waive all exemptions in case of suit on this note.

"H. A. Grant."

(Documentary stamp.)

On the reverse side of this note in writing:

"Payment of this note is hereby extended to Sept. 1st, 1924. A. J. Pate."

"Pay to the order of the American Medical and Dental Association without recourse.   A. J. Pate."

The record is silent regarding the circumstances under which the extension was made, but the allegation in the verified answer is, "that said defendant has never extended said note or agreed to any extension thereon, nor has any extension been made thereon to his knowledge, nor has he made any payment thereon." From the arguments of counsel for plaintiff, we assume that the extension appearing on the reverse side of the note was made by the payee therein under the provisions of the note reading as follows: "The makers and endorsers hereof hereby severally  *  *  *  agree to any extensions of time payment and partial payments before, at or after maturity," and that it was plaintiff's contention that whether this was done with or without the knowledge, consent, request or agreement of the defendant maker was immaterial.

The plaintiff, having plead the extension, had the burden of proving all facts necessary to substantiate it, and in order to do so must prove all facts necessary to make it a valid and enforceable agreement.   8 C. J., p. 425, et seq.

As to the necessity of consideration see: *Foote v. Bank,* 82 Colo. 323, 325, et seq., 259 Pac. 1031; *Young v. Brown,* 77 Colo. 53, 54, 234 Pac. 163; *Drescher v. Fulham,* 11 Colo. App. 62, 52 Pac. 685; *Winne v. Colorado Springs Co.,* 3 Colo. 155, 161.

In *First National Bank v. Buttery,* 17 N. D. 326, 328, 116 N. W. 341, the court, in construing a provision in a promissory note similar to the one under consideration here, said:

"Holders of notes do not by a secret mental process make an extension of the time of payment, but such extension, if made at all, is made by an agreement between the principal debtor and the holder of the paper, either with or without the consent of the indorsers.  This provision seems to us to have been inserted to protect the

holder against any release of indorsers or others, by an extension without their assent, and the word 'makers' is evidently included to prevent any misunderstanding or misconstruction of the contract or failure to distinguish between makers, indorsers, sureties, and any other parties who might be or become liable thereon under certain contingencies as makers. 7 Cyc. 614. This phrase does not express an agreement to extend time, but leaves the matter of extension optional with the holder, and not obligatory upon him, and the note on its face fixes the time when it becomes due.''

This language was cited with approval in *Longmont National Bank v. Loukonen,* 53 Colo. 489, 491 (127 Pac. 947), where it was said: ''The provision under consideration does not mean that the holder can arbitrarily extend the time of payment of the note as he may see fit, over objection by the maker, nor can the latter make an extension without the consent of the holder.''

In *National Bank v. Kenney,* 98 Tex. 293, 300, 83 S. W. 368, the court had under consideration the purpose of a provision similar to the one under consideration here, and the following language is particularly applicable: ''If as is argued the effect of the stipulation is to give the right to the maker without the consent of the holder, or to the holder without the consent of the maker, to appoint another day of payment and thereby extend the time, it may be, that it would render the instrument not negotiable. But we do not think it capable of that construction. It does not say that either the holder or the maker may extend the note. It merely makes a provision in case the time of payment may be extended. How extended? It seems to us the extension meant is that which takes place when the debtor and creditor make an agreement upon a valuable consideration for the payment of the debt on some day subsequent to that previously stipulated. The obvious purpose of the provision taken as a whole was merely to relieve the holder of the paper from the burdens made necessary by the rigid requirements of

the mercantile law in order to secure the continued liability of the indorsers and sureties upon the paper. Therefore, what was meant by the stipulation as to the extension of time was simply that in case the holder and the maker should agree upon an extension, the sureties and indorsers should not be discharged. The holder and maker of any note may at any time agree upon an extension.''

The note bore date of March 1, 1919, was due one year after date, and, unless the statute of limitations was tolled by the extension, or otherwise, would be barred by the statute on March 1, 1926. This action was commenced on January 23, 1929, and as we have observed, the burden being upon the plaintiff to prove all the elements necessary to a valid and binding agreement, before the extension could have any force or validity, and there being an entire absence of evidence upon this, the judgment must be affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and JUSTICE CAMPBELL concur.